**Lindsey Henton BENTLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51851.**

Court of Criminal Appeals of Texas.

April 20, 1976.

**652**

Daniel H. Benson, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty. and Mark L. Withrow, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

Appellant was convicted of possession of marihuana on September 28, 1971. Punishment was assessed at eight years. Imposition of sentence was suspended and probation granted. Among the conditions of probation was the requirement that appellant:

"(a) Commit no offense against the laws of this or any other State or the United States. . . ."

On February 25, 1975, the State filed a motion to revoke probation, alleging that:

"On or about the 22nd day of February, A.D.1975, in Lubbock County, Texas, after having heretofore been placed on probation, Probationer did then and there appear in a public place, to-wit: a Gulf Service Station located at the intersection of Brownfield Highway and Quaker Avenue in the City of Lubbock, Lubbock County, Texas, under the influence of Alcohol to the degree that the said LINDSEY HENTON BENTLEY might endanger himself and others."

Following a hearing, the trial court found that appellant had violated condition (a) of his probation, as alleged in the State's motion to revoke. The trial court accordingly revoked his probation, reducing his sentence to three years.

The sole ground of error challenges the sufficiency of the evidence to support the trial court's finding that he was guilty of the offense of public intoxication. V.T.C.A. Penal Code, Sec. 42.08 provides in pertinent part:

"(a) An individual commits an offense if he appears in a public place under the influence of alcohol or any other substance, to the degree that he may endanger himself or another. . . ."

It is not contested that appellant at the time of his arrest was in a public place, as that term is defined in V.T.C.A. Penal Code, Sec. 1.07(a)(29). Further, appellant does not assert that the evidence was insufficient to show that he was under the influence of alcohol; he himself testified that he had had three drinks of whisky and Seven-up at a tavern shortly before the arrest. Although he denied that he was "drunk", he admitted that he could "feel the alcohol."

Appellant argues, rather, that there was no evidence that he was under the influence of alcohol "to the degree that he may endanger himself or another."

The arresting officer testified that when he entered the service station appellant was sitting in a chair in the office. His testimony continued as follows:

"Q. [by the prosecutor]: Did you notice anything unusual about him?

"A. [by officer Adcock]: When we walked in the office Mr. Bentley was seated and when he saw us he stood up and he had to hold his hand on the desk as he was swaying just a little bit.

"Q. All right. What else did you notice?

"A. We noticed that he smelled strongly of alcohol, his eyes were bloodshot.

"Q. Did you speak to him?

"A. Yes, sir, we did.

"Q. Did you notice anything about his speech?

"A. His speech was slurred, very slurred.

"Q. All right. Then what happened?

"A. We asked—since the office was very little, we asked him to step out into the front part of the station.

"Q. What did you notice at that time?

"A. When he started walking out toward the station he had to hold against the wall as he was swaying coming out of the station.

"Q. All right. Then what happened?

"A. We asked the subject his name, he did state it, we asked him had he been drinking and he said yes, that he had been over to the Comix Club drinking beer.

"Q. All right, then what happened?

"A. We talked to the subject further, it was hard to understand him, his speech was slurred, so we both—since he couldn't stand up by himself, we each—me and Officer McNeice, we took hold of his arms and led him out to the police car, he was weaving and couldn't stand on his own power.

"* * *

"Q. And did you form an opinion on the night of February 22, 1975 as to whether or not Mr. Bentley was in fact intoxicated?

"A. Yes, sir, I did.

"Q. And what was that opinion?

"A. That he was intoxicated.

"* * *

"Q. Okay. Officer, why did you place Mr. Bentley under arrest?

"A. Because he was intoxicated."

Appellant denied that he was so drunk that he could not walk without assistance. He testified that at the time of the arrest he was attempting to telephone his father.

Evidence relating to circumstances that appellant may have endangered himself or another was contained in his own testimony upon direct examination.

"Q. [by defense attorney]: All right. Will you tell the Court why you were at the gas station and what took place there?

"A. [by appellant] Well, I went to get some snow chains to put on my tires because it was snowing very heavy and my Dad called while I was there and he said I couldn't borrow those snow chains.

"Q. You wanted to borrow snow chains from him?

"A. Yes, sir.

"Q. All right.

"A. And I told him I needed some clothes, I was fixing to come home and get some clothes and he said he would just bring them to me and while I was waiting that is when the officer's came."

The trial judge construed this testimony and the other evidence in this case, as he stated when revoking probation, as follows:

"I heard you testify a few moments ago about calling your father about chains for your tires for your car. I couldn't help but shudder to think that if you had got those chains, maybe we would have you killing somebody on the streets that night. You know as well as I know that a person in your condition, the danger that you afford to the public. Now, you were placed on probation under certain terms and conditions; part of those terms and conditions were meant to help rehabilitate you. The other part were terms and conditions set up to help protect the public and certainly having you moving around in this community in a drunken condition is a danger to the community."

We find the trial court's evaluation of the evidence reasonable and further find no abuse of discretion in the decision to revoke probation. The dangers of which the trial judge spoke were supportive of the conclusion that appellant was under the influence of alcohol to the degree that he might well have endangered himself and others.

The judgment is affirmed.