Cecil Ray DICKEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 54568.

Court of Criminal Appeals of Texas.

June 14, 1977.

Rehearing Denied July 6, 1977.

Rudolph E. Gaulke, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Hogan S. Stripling, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from an order revoking probation. Appellant was originally convicted of the offense of robbery by assault under the provisions of the former Penal Code, Article 1408, Vernon's Ann.P.C. Pun-

ishment was assessed at eight (8) years in the Texas Department of Corrections. Imposition of sentence was suspended and on February 22, 1974 appellant was placed on probation for a period of eight (8) years.

Among the terms and conditions of probation was that appellant should commit no offense against the laws of this State or any other state or of the United States. On December 30, 1975 the State filed an amended motion to revoke probation alleging that appellant committed the offense of public intoxication. After a hearing on the State's amended motion the trial court found that appellant had violated the terms and conditions of his probation by committing the offense of public intoxication on or about November 28, 1975. Appellant's probation was revoked and he was sentenced to eight (8) years in the Texas Department of Corrections.

In his first ground of error appellant contends that the trial court abused its discretion in revoking probation because the evidence was insufficient to show that appellant committed the offense of public intoxication.

The record reflects that appellant was found asleep with a companion in a car parked in front of a lounge in Houston at 2:30 a. m. The arresting officer testified that he removed appellant from the car and "found him to be intoxicated" and "found essence of alcohol on his body." He further stated that, based on his experience as a police officer and having arrested many persons who were found to be intoxicated, it was his opinion that appellant was "very intoxicated" and that his companion was also intoxicated. The officer also stated that appellant's speech was slurred and he was "wobbling" when he walked.

V.T.C.A. Penal Code, Section 42.08, provides:

"(a) An individual commits an offense if he appears in a public place under the influence of alcohol or any other substance, to the degree that he may endanger himself or another."

Appellant contends that the evidence is insufficient to show that he was a danger to himself or anyone else.

In *Balli v. State*, 530 S.W.2d 123 (Tex.Cr. App.1975) the evidence showed that the accused was in a state of intoxication as he walked down the middle of a public street after dark in the city of Plainview, although the street was vacant. We held this evidence sufficient to show a violation of Section 42.08, supra.

In *Bentley v. State*, 535 S.W.2d 651 (Tex. Cr.App.1976) the record showed that the accused appeared in a service station in an intoxicated condition and was attempting to purchase tire chains for his car. We held the evidence sufficient to show a violation of Section 42.08, supra.

■ An essential element of Section 42.-08, supra, is that the individual must be intoxicated to the extent that he *may* endanger himself or another. In *Balli* it was the potential danger involved in walking down the middle of the street in an intoxicated condition which supplied the necessary element. In *Bentley* it was the potential danger which would have arisen if the accused had attempted to drive his car which convinced the court that he had violated Section 42.08.

■ In the instant case appellant rendered himself subject to potential danger by becoming so intoxicated that he fell asleep in a car in front of a lounge in the middle of the night. The State points out in its brief that appellant was "vulnerable to an assortment of difficulties." It is also possible that appellant could have awakened and taken it upon himself to drive himself and his companion home, which would have constituted an even clearer danger. Under the holdings in *Balli v. State*, supra, and *Bentley v. State*, supra, we find that the record shows, by a preponderance of the evidence, that appellant committed the offense of public intoxication.

■ Furthermore, the terms and conditions of appellant's probation include the requirement that appellant "avoid injurious or vicious habits (including the use of narcotics or habit-forming drugs and alcoholic

beverages)." Considering that a motion to revoke probation need not be so specific as an indictment, *Ablon v. State*, 537 S.W.2d 267 (Tex.Cr.App.1976), we think that the allegation that appellant committed the offense of public intoxication is sufficient to allege a violation of this requirement of his probation. The evidence clearly shows that appellant used intoxicating beverages in violation of this requirement of his probation.

Under the circumstances we hold the trial court did not abuse its discretion in revoking appellant's probation.

Appellant's first ground of error is overruled.

 In his second ground of error appellant contends that the indictment in his original conviction for robbery by assault was fundamentally defective in that it failed to allege ownership of the property. Appellant's contention is without merit. The indictment clearly identifies Carl Oliver as the complainant and states that appellant took from the complainant ". . . money and cigarettes owned by the Complainant . . ." The indictment is substantially the same as that approved by this Court in *Byrd v. State*, 456 S.W.2d 931 (Tex.Cr.App.1970).

Appellant's second ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.