**James Allen DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 59303, 59304.**

Court of Criminal Appeals of Texas,
Panel No. 2.

Dec. 13, 1978.

Rehearing's En Banc Denied
Feb. 14, 1979.

State's Motion # 59303 Rehearing En Banc
Denied Feb. 21, 1979.

Jimmy L. Burrell, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Chris T. Hanger, Asst. Dist. Attys., Houston, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

ODOM, Judge.

These are appeals from orders revoking probation. Appellant had been convicted in two cases for theft over $200, punishment was assessed at 10 years in each, and appellant was placed on probation. Subsequently, his probations were revoked for possession of marihuana in violation of his probation conditions that he commit no offense against the laws of this State. Appellant asserts the marijuana was seized as a result of an illegal search and should have been excluded from evidence.

Appellant was observed loitering most of the morning around a store on a busy street in Harris County. The store employee who observed appellant became alarmed and called the Harris County Sheriff's Office.[1] A deputy sheriff responded and observed appellant, who fit the description given, walking along the street. The deputy pulled over, got out of his car, and engaged appellant in conversation. The deputy testified that appellant appeared somewhat unsteady on his feet and slurred his words. There was no alcohol on his breath so the officer came to the conclusion that appellant was intoxicated by some unknown substance. He testified that he decided to arrest appellant for public intoxication. At this time, he noticed a round bulge about half the size of a man's fist in the pocket of appellant's tight fitting pants. The deputy testified that he asked appellant to produce it, which appellant did. The bulge was caused by a small plastic bag containing a substance which the officer believed to be, and was later proven to be, marihuana. Appellant was arrested for possession of marihuana.

The State, in its brief to this Court, asserts that the marihuana was discovered as the result of a search incident to an arrest for public intoxication. There is

---

1. Appellant testified he had that morning quit his job in a nearby plant and was waiting for a friend who worked at the plant to get off work and give him a ride back to his home.

no showing in the record that any arrest for public intoxication was made. The deputy testified several times that he had formed the opinion that appellant was drunk and *had decided* to arrest him, but had not done so, when he asked him to produce the bulge in his pocket. There was no arrest for public intoxication and therefore the search was not incident to such an arrest.[2] The marihuana cannot be admitted as having been discovered by a search incident to an arrest. The arrest did not occur until after the search.

■ Since there was no arrest, and no probable cause to arrest, we must examine the stop and search in order to determine if it comes within the purview of the doctrine of stop and frisk whereby police can make brief investigatory stops of individuals and check them for weapons under certain circumstances. These stop and frisk operations are lesser intrusions into a person's sphere of privacy than a formal arrest but are nevertheless subject to the Fourth Amendment guarantees against unreasonable search and seizure, *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and "It is clear that protection afforded by the Fourth Amendment and Article I, Sec. 9. Texas Constitution, extends to probationers." *Tamez v. State*, Tex.Cr.App., 534 S.W.2d 686, 692. The stop in this case was proper.

■ An officer in the course of an investigatory stop must be allowed to take the steps necessary for his personal safety and the safety of those in the immediate area. It has been held that in pursuit of this objective a brief frisk to check for weapons is not prohibited by the Fourth Amendment. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20

L.Ed.2d 917 (1968); *Duncan v. State*, Tex. Cr.App., 549 S.W.2d 730. A frisk is a search, albeit less intrusive than a full search incident to an arrest, but it is still an intrusion into an individual's right to privacy and before he can make it "[T]he police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio, supra*, 392 U.S. at 21, 88 S.Ct. at 1880.

■ This requirement must not become a mere form of words. To allow searches without actual justification would eviscerate the Fourth Amendment guarantees against unreasonable search and seizure. The test is whether the facts known to the officer at the moment of the stop and search would warrant a man of reasonable caution in belief that the action taken was appropriate.

In *Keah v. State*, Tex.Cr.App., 508 S.W.2d 836, 839, we explained the relevant considerations in determining the lawfulness of a protective search for weapons with brief quotes from the leading cases:

"In *Sibron v. New York*, 392 U.S. 40, at 64, 88 S.Ct. 1912, at 1903, 20 L.Ed.2d 917, the Supreme Court said:

'In the case of the self-protective search for weapons, [the police officer] must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous. *Terry v. Ohio, supra*.'

In *Terry v. Ohio* [392 U.S. 1] at 21, 88 S.Ct. at 1880, it was stated:

'. . . [I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'

---

**2.** We also note that there was not probable cause to arrest for public intoxication. In order to arrest for public intoxication under V.T.C.A., Penal Code Sec. 42.08, the arresting officer must have reason to believe the suspect is intoxicated "to the degree that he may endanger himself or another." In this instance appellant was walking along a sidewalk in the early afternoon without any difficulty when first observed by the officer. Only on close inspection did Davis appear to the officer to be intoxicated because he was somewhat unsteady on his feet and his speech was slurred. There was no indication that he was in any way a danger to himself or anyone else. There was no probable cause for an arrest for public intoxication, had there been such an arrest. Cf. *Dickey v. State*, Tex.Cr.App., 552 S.W.2d 467.

And later:

> 'The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.'

*Terry, supra,* at 27, 88 S.Ct. at 1883. We have quoted extensively from *Terry v. Ohio* in order that the test may be more clearly understood. We must now ask what 'specific and articulable facts' appear in the record which would warrant a self-protective search for weapons."

The facts in the *Keah* case are also instructive today. Here is a part of what the officer in *Keah* relied on:

> "Finally, we reach the question of whether [officer] Proctor's observation of a 'large bulge' in appellant's pocket and appellant's failure to reply to Proctor's question, standing alone or coupled with his prior observations, was sufficient to justify a self-protective search for weapons. At no point did Proctor testify that he thought the bulge was a weapon; at no point did he testify that he thought appellant was armed and dangerous; at no point did he testify that he believed his safety or that of others was in danger. When asked what he believed the bulge to be, he stated, 'I did not know whether it would be a weapon or what it would be.' When asked if he had any reason to believe appellant may have been a dangerous or suspicious character he replied, 'I did not know who he was.' The only reason given by the officer for the seizure was: 'I reached in his pocket to see what it was.' "

■ The "specific and articulable facts" in this case are even less supportive of the officer's actions than in *Keah v. State, supra.* Instead of a "large bulge" the officer saw a bulge half the size of a man's fist. The only reason "given by the officer for requiring appellant to produce the object was stated by the officer at the hearing: "I asked him to produce the bulge because I, myself, didn't know if it was a weapon or

what." The State produced no evidence of specific and articulable facts that would support a conclusion, had one been made, that the bulge was a weapon, that appellant was armed and dangerous, or that he believed his safety or that of others was in danger. The court should have excluded the illegally seized marihuana from evidence.

The orders revoking probation are set aside and the causes remanded.

DALLY, Judge, dissenting.

There was probable cause both to arrest and search the appellant and the marihuana which he had in his possession was lawfully obtained. Officer Elkin was answering a disturbance call. He saw the appellant who fit the description of the man he was looking for on the side of a four lane highway in an industrial area on the outskirts of Houston at approximately 1:30 p. m. The flow of traffic was moderate to heavy in the daylight hours. The officer who was in full uniform and driving a marked patrol car stopped, engaged the appellant in conversation, and asked the appellant to identify himself. The appellant's speech was slurred, he was running his words together, he appeared to be "cotton mouthed," he was unsteady on his feet, and leaned against the patrol car. Although the officer was from one and one-half to two feet away from the appellant he could not detect the smell of an alcoholic beverage on the appellant's breath. The officer concluded that the appellant "was intoxicated by some unknown substance." The appellant in this condition was walking near a four lane highway on which were travelling "all kinds [of] cars, trucks, and trailer rigs." There was probable cause to believe that the appellant while in a public place was under the influence of some substance to the degree that he would endanger himself or another. See V.T.C.A. Penal Code, Sec. 42.08(a); *Balli v. State,* 530 S.W.2d 123 (Tex.Cr.App.1975); *Bentley v. State,* 535 S.W.2d 651 (Tex.Cr.App.1976); *Dickey v. State,* 552 S.W.2d 467 (Tex.Cr. App.1977). The officer had probable cause to arrest and search the appellant. It was at this time that the officer said:

"I had already drawn a conclusion that the [appellant] was intoxicated. I did observe the bulge in his right front pocket. I asked him to produce the bulge because I myself didn't know if it was a weapon or what. He started pulling it out and I could see it was a plastic baggie."

The officer as well as an expert witness identified the material in the bag as marihuana. The marihuana was lawfully obtained and the court did not err in admitting it in evidence. The judgments should be affirmed. I dissent.