**Thornley Eugene TRAYLOR, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–81–749CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 22, 1982.

Rehearing Denied Aug. 12, 1982.

John W. Overton, Houston, for appellant.

Janiece Longoria, Luis Vallejo, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

MURPHY, Justice.

Appellant appeals his conviction for possession of a usable quantity of marijuana over his plea of not guilty. Trial was to the court which assessed a fine of $350.00. Appellant challenges the court's overruling his motion to suppress evidence seized at the South Houston jail after his arrest as fruit of an illegal arrest and search. We affirm.

Detective Rick Mitchell (Mitchell) arrested appellant for public intoxication upon his leaving the "Rusty Bucket Club" on March 20, 1981. Mitchell testified he observed appellant staggering out the door, followed him and asked for identification. Appellant responded with abusive language and refused to give the officer his driver's license. This confrontation provided Mitchell another opportunity to observe appellant's

"slurred speech, glassy and red eyes, and swaying stance", after which he arrested appellant for public intoxication. Due to appellant's obstreperous behavior, he was handcuffed after Mitchell did a "pat down" search and taken to the South Houston police station where he was booked. Another search took place at the station during which officers found the marijuana at issue.

■ Appellant asserts the trial court erred by overruling his motion to suppress, and thereby, admitting evidence tainted by an arrest and search, violated his fourth amendment rights. Appellant's contention is without merit. The waitress who testified for appellant stated he had consumed three double scotches. Other testimony indicated appellant had been drinking. This evidence coupled with Mitchell's observations of appellant's behavior provide a sufficient basis for his arrest for public intoxication. Tex.Penal Code Ann. § 42.08 (Vernon 1979) authorizes an individual's arrest where that person appears "under the influence of alcohol or any other substance to the degree he may endanger himself or another." Moreover, an officer may arrest an individual without a warrant for any offense committed in his/her presence or within view. Tex.Code Crim.Pro.Ann. art. 14.01 (Vernon 1979); *Britton v. State,* 578 S.W.2d 685, 686 (Tex.Cr.App.1978), *cert. denied,* 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328 (1979). The facts and circumstances surrounding appellant's arrest provide ample basis for Mitchell's reasonable and articulable suspicion of appellant's intoxication and probable cause for his arrest. *Britton v. State.* See also, *Reid v. Georgia,* 448 U.S. 438, 100 S.Ct. 2752, 2753, 65 L.Ed.2d 890 (1980); *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *U.S. v. Berd,* 634 F.2d 979, 985 (5th Cir.1981). A search incident to a lawful arrest is reasonable. *Clark v. State,* 548 S.W.2d 888, 889 (Tex.Cr.App.1977). See, *United States v. Edwards,* 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974); *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). A lawful search may properly take place at the place of detention rather than the location of the arrest. Accordingly, we hold the trial court properly overruled appellant's motion to suppress. Appellant's sole ground of error is overruled, and we affirm the trial court's judgment.

Affirmed.