Richard Rolff BERG, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–86–015–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 30, 1986.

Rehearing Denied Dec. 4, 1986.

Randy Schaffer, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before JUNELL, DRAUGHN and EL-LIS, JJ.

## OPINION

JUNELL, Justice.

Richard Rolff Berg appeals a conviction for possession of cocaine. The appellant was sentenced by the court to three years imprisonment, probated for three years, plus a $300 fine. In his sole point of error appellant contends the trial court reversibly erred in denying his motion to suppress cocaine obtained as a result of his unlawful arrest for public intoxication. We reverse and remand the cause for a new trial.

Appellant was arrested at an airport for public intoxication. During the search incident to his arrest a small amount of cocaine was discovered in appellant's sock. Appellant filed a motion to suppress the cocaine claiming it was discovered pursuant to an unlawful arrest which lacked probable cause and was a pretext to enable the officers to conduct a search. A person commits the offense of public intoxication "if the individual appears in a public place under the influence of alcohol or any other substance, to the degree that the individual may endanger himself or another." Tex. Penal Code Ann. § 42.08(a) (Vernon Supp. 1986). Under the evidence in this case, the officers did not have probable cause to arrest appellant.

Appellant was observed by Officers O'Rourke and Williams June 15, 1985 at Houston Intercontinental Airport. The officers had been watching another man who was "acting suspicious," and they saw this man speak with appellant in the airport lounge. O'Rourke observed appellant and his six year old son for about 20 minutes during which time appellant had two drinks. The "suspicious" man, who had no further contact with appellant, was observed boarding a plane to Chicago. Appellant and his son left the lounge to go into the gift shop. Officer Williams followed them into the shop, and O'Rourke watched from outside the gift shop. O'Rourke, who prepared the offense report after the arrest, attempted to testify that Williams saw appellant bump into several shelves in the shop. However, this was not mentioned in her written offense report, and the court sustained appellant's objection. The report stated that Williams observed that appellant "appeared unbalanced in his stance." O'Rourke testified that she agreed with this observation. Both officers then approached appellant in the gift shop. O'Rourke detected an odor of alcohol. She asked if there was a problem, and appellant replied that he was a diabetic. O'Rourke reported appellant's speech was "thick tongued." The officers arrested appellant for "investigation of public intoxication" and took him and his son to a nearby first aid room. O'Rourke confirmed that appellant was under arrest when he was removed from the gift shop.

In the first aid room O'Rourke observed that appellant had a runny nose, a red complexion, an odor of alcohol, and could not stand up straight. In her judgment appellant "was, indeed, intoxicated." No charges of public intoxication were filed, and no tests were offered to determine intoxication. Pursuant to the arrest for public intoxication appellant was searched for weapons and contraband. When none were found, appellant was ordered to remove his shoes and turn his socks inside out. A small amount of cocaine (less than 28 grams) was found in a sock. While in the first aid room it was determined that appellant had an FBI number and that he and his son had stopped in Houston to change planes en route to visit appellant's mother in Arizona.

The real issue is whether this arrest was supported by probable cause. A warrantless arrest for public intoxication is valid only if the arresting officer has reason to believe that the suspect is not merely intoxicated, but intoxicated to the degree that he "may endanger himself or another." The determination as to the possible danger element is reviewed not under the standard used in a judicial determination of guilt, but under the traditional standard of whether the officer's knowledge at the time would warrant a prudent man in believing that the suspect had committed or was committing an offense. *Britton v. State*, 578 S.W.2d 685, 689 (Tex.Crim.App. 1978), *cert. denied*, 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328 (1979); *Carey v. State*, 695 S.W.2d 306, 312 (Tex.App.—Amarillo 1985, no pet.). Even under this standard of proof, there is no evidence in the record which indicates the officers had knowledge which would warrant them as prudent persons to believe that appellant posed such possible danger to himself or another that he was committing the offense of public intoxication. *Carey*, 695 S.W.2d at 312. Here, we have O'Rourke's and Williams' observations of appellant having two drinks, an odor of alcohol, being unsteady and thick-tongued in speech. There is no testimony of any identifiable conduct which demonstrates appellant might have been a danger to himself or to anyone else. There is no evidence from which to even infer that the officers had sufficient knowledge or reason to believe that appellant was intoxicated to such a degree. Probable cause did not exist to arrest appellant for the offense of public intoxication.

The State cites and we are aware of cases which have affirmed public intoxication arrests. *E.g., Britton, supra; Dickey v. State*, 552 S.W.2d 467 (Tex.Crim.App. 1977); *Balli v. State*, 530 S.W.2d 123 (Tex. Crim.App.1975); *Bentley v. State*, 535 S.W.2d 651 (Tex.Crim.App.1976); *Traylor v. State*, 642 S.W.2d 250 (Tex.App.—Houston [14th Dist.] 1982, no pet.); *Vasquez v. State*, 682 S.W.2d 407 (Tex.App.—Houston [1st Dist.] 1984, no pet.).

However, these cases deal with circumstances in which the intoxicated suspect was obviously in a position to be a danger to himself or another—walking down the middle of the street, in a car, attempting to purchase tire chains for a car—or was in such an extreme state of intoxication that the suspect was incoherent and/or staggering and swaying.

In this case we do not have either situation. Appellant was not in a precarious position while waiting in the airport gift shop for his flight. Further, there is no testimony or other evidence of extreme or heavy intoxication. The officers' observations of appellant being unbalanced and thick-tongued were not sufficient to allow them to conclude appellant was intoxicated to the degree that would justify his warrantless arrest for public intoxication. See *Davis v. State*, 576 S.W.2d 378, 380 n. 2 (Tex.Crim.App.1978), rehearing denied en banc (1979). Because appellant's warrantless arrest was without probable cause and therefore unlawful, the seizure of the cocaine cannot be justified as incident to a lawful arrest. The court's denial of the motion to suppress and its admission of the evidence constituted reversible error. Appellant's point of error is sustained.

The judgment is reversed and the caused is remanded.