**William H. COMMANDER III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–87–00245–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 10, 1988.

Richard N. Thompson, Houston, for appellant.

John B. Holmes, Jr., Roe Morris, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellant was convicted of carrying a prohibited weapon, a knife. Following the

trial court's denial of his motion to suppress evidence, he entered a guilty plea and, pursuant to the agreement between appellant and the state, he was sentenced to 100 days in the Harris County Jail. Appellant contends that the trial court erred in denying his motion to suppress because: (1) the private residential driveway where he was arrested is not "public" for the purposes of the public intoxication statute; and (2) the officer did not have probable cause to arrest him for public intoxication. We reverse the judgement of the trial court and remand the cause for a new trial.

On December 22, 1986 Deputy Constable Jack Hare was on duty and patrolling a subdivision in his assigned area of the precinct. At approximately 5:35 p.m. he noticed a van in the driveway of the residence at 17051 Midshipway with the motor running and the windshield wipers operating. Hare testified that he did not know the residents at that address, but he was familiar with the house and its usual vehicles because it was on his regular patrol route. Since he was unfamiliar with the van, he radioed in the license number for a registration check. Hare learned that the vehicle was not reported stolen; it was registered to a business in Houston.

Hare continued to observe the van from across the street for three to five minutes, until he saw appellant exit the passenger side, walk around it and lean against the back of the vehicle. He stated that appellant seemed to be looking down the road. He then drove his patrol car in front of the house, partially blocking the driveway. Hare testified that when he approached appellant, he noticed that appellant appeared to be unsteady, have glassy eyes, and a strong odor of alcohol on his breath. After greeting appellant, Hare asked him a series of questions. Although appellant mumbled, Hare had no difficulty in understanding him. Appellant was never belligerent or insulting. He answered Hare's questions directly and politely. In response to questions, appellant told Hare that he did not know the residents of the house, he was merely waiting for two of his friends who were inside; he did not know what his friends were doing inside, nor how they had entered the house.

From this information, Hare incorrectly speculated that perhaps he had stumbled upon a burglary in progress. He informed appellant that he was placing him under arrest for public intoxication, and ordered him to place his hands on the van. Appellant immediately complied. Hare then handcuffed appellant and conducted the search which produced the knife in question.

An individual commits the offense of public intoxication if he "appears in a *public place* under the influence of alcohol or any other substance, *to the degree that the individual may endanger himself or another.*" Tex.Penal Code Ann. § 42.08(a) (Vernon Supp.1988) (emphasis added). A "public place", for purposes of the statute, is "any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops." Tex.Penal Code Ann. § 1.07(a)(29) (Vernon 1974).

■ A private residence is not a public place, nor has the yard or driveway of private a residence ever been construed as such. In *Pugh v. State*, there was evidence that the defendant had been drinking and had been seen vomiting in the front yard of a residence. 55 Tex.Crim. 462, 117 S.W. 817 (1909). There, the Court of Criminal Appeals ruled that even if the defendant had been drunk, the conviction must be reversed because a private residence is not a public place.

The state's reliance on *United States v. Fossler* is misplaced. 597 F.2d 478 (5th Cir.1979) (rev'd on other grounds). In that decision, the Fifth Circuit upheld the validity of an arrest for public intoxication where the defendant had just been seen driving erratically down a street, and was found moments later leaning against his car in the middle of someone's yard, in an obviously intoxicated state. The court held that since the defendant had just been driving down the street endangering the public

and was in fact "an uninvited stranger" on the premises of the residence, the arrest and subsequent search were valid. The facts of that case are readily distinguishable from the case at bar.

■ Unlike the facts in *Fossler*, the record before this court does not support a finding that Constable Hare had probable cause to arrest appellant. A warrantless arrest for public intoxication is valid only if the arresting officer has reason to believe that the suspect is not merely intoxicated, but intoxicated to the degree that he 'may endanger himself or another. *Berg v. State*, 720 S.W.2d 199 (Tex.App.–Houston [14th Dist.] 1986, no writ). The question before us is whether the officer's knowledge at the time, and under the then existing circumstances, would warrant a prudent man in believing that appellant had committed, or was committing an offense. *Britton v. State*, 578 S.W.2d 685, 689 (Tex. Crim.App.1978), *cert. denied*, 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328 (1979).

■ Hare's testimony establishes that appellant was leaning against a vehicle in a private driveway, his eyes were glassy, he smelled of alcohol and he seemed unsteady. There is no suggestion that appellant had been driving or intended to drive. Unlike the cases cited by the state, appellant was not in any risky or precarious circumstance from which he needed to be protected. There is no testimony even intimating a real possibility of danger to appellant or to the public. All the facts supporting probable cause to arrest for public intoxication must be carefully weighed in each case. There is no general rule that certain physically descriptive terms associated with alcoholic consumption will under all circumstances justify an arrest for public intoxication. We find, under the limited circumstances presented to this court, there was not sufficient probable cause for appellant's arrest.

Because Hare lacked probable cause to arrest appellant, the search incident to that arrest was invalid and the evidence seized as a result of the search was inadmissible. The trial court's denial of his motion to suppress evidence was reversible error.

The judgment is reversed and the cause remanded.