NO. _**1650-14**_

IN THE

COURT OF CRIMINAL APPEALS OF TEXAS

---

DENNIS R. COOK,
                            Petitioner

v.

THE STATE OF TEXAS,
                            Respondent

---

# PETITION FOR DISCRETIONARY REVIEW

---

Petition in Case No. 07-14-00149-CR,
from the Court Of Appeals
for the Seventh Judicial District
Amarillo, Texas

---

Dennis R. Cook
Pro Se Petitioner
4341 Red Oak Circle
Midlothian, TX  76065
Phone:  (972) 775-1571
Fax:  (972) 296-5402
dennis.cook777@gmail.com
Pro Se Petitioner

Petitioner Waives Oral Argument

1930-14

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL

**Trial Level**, Cause No. 2012-472,011, *The State of Texas v. Dennis Ray Cook*,
In the County Court at Law No. 1, Lubbock County, Texas
before the Honorable Judge Mark Hocker, (Presiding Judge)

**PARTIES**

**COUNSEL**

A.  Dennis R. Cook, Pro Se Defendant    Pro Se
    4341 Red Oak Circle
    Midlothian, TX 76065
    dennis.cook777@gmail.com
    (972) 775-1571

B.  The State of Texas

Tom Brummett
Assistant District Attorney
Lubbock County, Texas
P.O. Box 10536
Lubbock, TX 79408
Phone: (806) 775-1100
State Bar No. 24038790

**Appellate Level**, No. 07-14-00149-CR, *Dennis Ray Cook v. The State of Texas*,
In the Court of Appeals for the Seventh District of Texas at Amarillo,
before Justices Quinn, C.J., Campbell, and Hancock, JJ.

**PARTIES**

**COUNSEL**

A.  Dennis R. Cook, Pro Se Appellant    Pro Se
    4341 Red Oak Circle
    Midlothian, TX 76065
    dennis.cook777@gmail.com
    (972) 775-1571

B.  The State of Texas

Jeffrey S. Ford
Assistant District Attorney
P.O. Box 10536
Lubbock, TX 79408
Phone: (806) 775-1000
Fax: (806) 767-1118
JFord@co.lubbock.tx.us
State Bar No. 24047280

1

# TABLE OF CONTENTS

PAGE

IDENTITY OF JUDGE, PARTIES, AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . .1

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . .5

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . .5

QUESTION PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . .7

I.     WHETHER THE COURT ERRED IN HOLDING THAT AN OFFICER'S
       SPECULATION AS TO FUTURE HARM CAN SATISFY THE
       "ENDANGERMENT" REQUIREMENT OF THE PUBLIC
       INTOXICATION STATUTE. . . . . . . . . . . . . . . . . . . . . . . . . . .7

REASONS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

       I.     DUELING INTERPRETATIONS . . . . . . . . . . . . . . . . . . . . . . .9

       II.    THE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

       III.   THE LAW APPLIED TO THIS CASE. . . . . . . . . . . . . . . . . . . 16

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .25

# INDEX OF AUTHORITIES

**Texas Court of Criminal Appeals Cases**

*Balli v. State,* 530 S.W.2d 123 (Tex. Crim. App. 1975)

*Bentley v. State,* 535 S.W.2d 651 (Tex. Crim. App. 1976)

*Britton v. State,* 578 S.W.2d 685 (Tex. Crim. App. 1979)

*Davis v. State,* 576 S.W.2d 378 (Tex. Crim. App. 1979)

*Dickey v. State,* 552 SW 2d 467 (Tex. Crim. App. 1977)

*State v. Woodard,* 341 SW 3d 404 (Tex. Crim. App. 2011)

**Texas Court of Appeals Cases**

*Berg v. State,* 720 S.W.2d 199 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd)

*Collins v. State,* 795 S.W.2d 777 (Tex. App.—Austin 1990, no pet.)

*Commander v.* State, 748 S.W.2d 270
     (Tex. App.—Houston [14th Dist.] 1988, no pet.)

*Simpson v. State,* 886 S.W.2d 449 (Tex. App.—Houston [1st Dist.] 1994, pet ref'd)

*Traylor v. State,* 642 S.W.2d 250 (Tex. App.—Houston [14th Dist.] 1982, no pet.)

*Vasquez v. State,* 682 S.W.2d 407 (Tex. App.—Houston [1st Dist.] 1984, no pet.)

**State Statutes**

Tex. Penal Code § 49.02 (2007)

## STATEMENT REGARDING ORAL ARGUMENT

The Petitioner waives oral argument.

## STATEMENT OF THE CASE

This Court is being asked to reverse the Seventh Court of Appeals judgment that the Petitioner was not entitled to suppress evidence on the ground that there was no probable cause for an arrest. The relevant issue is whether the endangerment requirement of the Public Intoxication statute can be satisfied by the speculation of the arresting officer.

## STATEMENT OF PROCEDURAL HISTORY

A panel of the Seventh Court of Appeals affirmed the judgment of the trial court in a memorandum opinion rendered on October 30, 2014. No motion for rehearing was filed.

## QUESTION PRESENTED FOR REVIEW

I.    WHETHER THE COURT ERRED IN HOLDING THAT AN OFFICER'S SPECULATION AS TO FUTURE HARM CAN SATISFY THE "ENDANGERMENT" REQUIREMENT OF THE PUBLIC INTOXICATION STATUTE.

## REASONS FOR REVIEW

(1)    The Court of Appeals has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals.

(2)    The Court of Appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States.

(3)    The Court of Appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

## ARGUMENT

The sole issue in this petition results from the trial court's refusal to grant a motion to suppress based on a lack of probable cause. It was the Petitioner's position that while he may have been intoxicated, he did not endanger himself or others. Because a petition for discretionary review must be as brief as possible, please consider the following scenario as both a brief introduction and an encapsulation of this petition in a nutshell.

## I.     DUELING INTERPRETATIONS

Two police officers are on patrol in a small Texas municipality when the town drunk, Kooter, is seen leaving the local bar at closing time. Officer One says, "I'll bet you ten bucks that Kooter is publically intoxicated again." Officer Two speaks up, "I'll take your bet, because I happen to know that Kooter got off work late tonight and didn't have enough time to drink his customary belly-full."

Kooter exits the bar smelling of booze, his eyes red and watery. He sways as he begins walking down the middle of the sidewalk to his home at the end of the block. Just as he gets to his house, Officer One arrests him for Public Intoxication. Officer Two exclaims, "Hey, that ain't fair! He never did nothing to endanger himself or others." Smiling, Officer One retorts, "He doesn't have to—the way the statute is written, all I have to decide is that he *may*."

9

The Texas Penal Code states that a person commits the offense of Public Intoxication "if the person appears in a public place while intoxicated to the degree that the person *may endanger* the person or another." Tex. Penal Code § 49.02 (2007) (emphasis added). It is the unfortunate use of the word "may" in the Public Intoxication statute that has led many officers, district attorneys, judges, and indeed appeals court justices to believe that the endangerment requirement can be satisfied by the sheer speculation of the arresting officer.

Under this interpretation, if the officer speculates that an individual may become a potential danger in the future, then the officer has probable cause to arrest even though the person has done nothing potentially dangerous. In other words, this interpretation of the statute gives the officer license to predict the future, and whether the officer decides there is probable cause to arrest depends upon that officer's speculation. The flaw with this interpretation is that it allows a person to be arrested for something they have not done, and may never have done.

The arresting officer in this case testified that this was his interpretation of the statute. He stated that the Petitioner was a danger to himself or others because he may choose to walk out into the street or a busy parking lot, while admitting that he had not yet done so. (RR vol. 1 of 1, pp. 29-31). During closing arguments of the suppression hearing, the prosecutor argued this interpretation as the proper

law the judge should follow in deciding the motion to suppress.[1] On appeal to the Seventh Court of Appeals in Amarillo, the State reiterated this same argument.

The Court of Appeals was careful to avoid a direct answer to the question of whether an officer's speculation could satisfy the endangerment requirement. Instead, the Court upheld the trial court by writing a "totality of circumstances" opinion that spliced the Petitioner's level of intoxication with the officer's speculation. As a consequence, it is unclear whether the Court accepts the proposition that an officer's speculation can satisfy the endangerment requirement, or believes that a totality of circumstances can replace an element of an offense. In either event, the Petitioner would request that this Court provide direction.

## II.   THE LAW

The Texas Court of Criminal Appeals has ruled time and time again that the endangerment requirement must actually exist in order to establish probable cause. It is though the Court strikes the troublesome word "may" from the statute entirely. In order to establish probable cause to arrest for public intoxication, the statute *"requires the intoxicated person to endanger himself or herself or another." State v. Woodard*, 341 SW 3d 404, 409 (Tex. Crim. App. 2011) (emphasis added). This

---

[1] During closing arguments of the suppression hearing, Assistant District Attorney Mr. Tom Brummett argued the polar opposite of the law as given by Appellant: "I will take exception to the argument of the Defense to indicate that there needs to be some immediacy of danger, or in his words, the situation needs to be inherently dangerous or extremely intoxicated." (RR vol. 1 of 1, pp. 54-55).

11

must be the only legal interpretation of the statute, for to rule otherwise would allow speculation to serve as evidence in a court of law, and allow every intoxicated individual to be arrested, (if indicated by the officer's tea leaves).

In *Davis v. State*, the appellant was walking alongside a four lane highway in an industrial area of Houston on which were travelling all kinds of cars, trucks, and trailer rigs. 576 S.W.2d 378, 381 (Tex. Crim. App. 1979). "The appellant's speech was slurred, he was running his words together, he appeared to be 'cotton mouthed,' he was unsteady on his feet, and leaned against the patrol car." *Id.* Though intoxicated, the Court found no potential danger. "There was no indication that he was in any way a danger to himself or anyone else. There was no probable cause for an arrest for public intoxication. . . ." *Id.* at 382 n.2. The Court was obviously unwilling to allow the speculation that Davis may wander out into traffic to serve as the required element of potential danger.

While it is true that there is a long line of Texas cases finding probable cause for a warrantless arrest for Public Intoxication, the theme common to all of them is that they embody two components: (1) a description of the appellant's behavior or appearance indicating intoxication; and (2) an ongoing potential danger—i.e., a setting likely to produce imminent harm, usually because the appellant is in a car or in the street. *See Britton v. State,* 578 S.W.2d 685, 689 (Tex. Crim. App. 1979) (op. on rehearing) (glassy, bloodshot eyes, incoherent, head bobbing; sitting

12

in car blocking traffic); *Dickey v. State*, 552 SW 2d 467, 468 (Tex. Crim. App. 1977) (wobbling, slurred speech, unable to walk without assistance when awakened; passed out in front seat of car parked on street); *Bentley v. State*, 535 S.W.2d 651, 652-53 (Tex. Crim. App. 1976) (strong odor of alcohol, bloodshot eyes, slurred speech, swaying; while attempting to buy snow chains for tires at gas station); *Balli v. State*, 530 S.W.2d 123, 126 (Tex. Crim. App. 1975) (alcohol on breath, slurred speech, swaying, difficulty walking; walking down middle of street); *Simpson v. State*, 886 S.W.2d 449, 455 (Tex. App.—Houston [1st Dist.] 1994, pet ref'd) (strong odor of alcohol, bloodshot eyes, slurred speech; engaged in violent argument in middle of public street).

There is also a minority line of cases that hold extreme intoxication alone can provide the necessary element of potential danger. In these cases, although the appellant was not in an ongoing potentially dangerous setting, (e.g., in the middle of the street, in a car, or in a busy parking lot), the appellant was in such an extreme state of intoxication that he or she was incoherent, and/or violent, abusive, and belligerent. *See Traylor v. State*, 642 SW 2d 250, 250-51 (Tex. App.—Houston [14th Dist.] 1982, no pet.) (staggering and using abusive language; refusing to provide identification); *Vasquez v. State*, 682 SW 2d 407, 410 (Tex. App.—Houston [1st Dist.] 1984, no pet.) (heavily intoxicated, belligerent, and cursing).

But in cases where there is neither an ongoing potential danger, nor extreme intoxication, the courts consistently say there is no probable cause for arrest.

In *Collins v. State*, the defendant was confronted by an Officer Burris at a gas station. 795 S.W.2d 777, 779 n.1, 4 (Tex. App.—Austin 1990, no pet.). Officer Burris observed that Collins smelled strongly of alcohol; that his eyes were bloodshot; that his speech was slurred; that he was barefoot and his foot was cut; that he had an unsteady walk; that he moderately swayed; and that he did not have full balance. *Id.* at n.4.

The Court noted that Collins did not attempt to move toward the street and that although he seemed confused, he seemed to understand the officer and was cooperative. *Id.* The Court reasoned that "[a]lthough officer Burris may have honestly believed Collins could have been a danger to himself, a prudent person would not have so concluded. . . . Accordingly, officer Burris did not have probable cause to arrest Collins." *Id.* Here, the setting was not potentially dangerous (not in a car, in the street, or in a parking lot), and the intoxication was not extreme.

*Commander v. State* is a case in which the officer approached the defendant in the driveway of a private residence. 748 S.W.2d 270, 271-72 (Tex. App.—Houston [14th Dist.] 1988, no pet.). The officer observed that the defendant was glassy eyed and smelled of alcohol. *Id.* The officer also noted that the defendant

14

was unsteady and leaning against a car in the driveway. *Id.* The Court held the following: "Unlike the cases cited by the state, appellant was not in any risky or precarious circumstance from which he needed to be protected. There is no testimony even intimating a real *possibility of danger* to appellant or to the public." *Id.* at 272 (emphasis added). Once again, the setting was not potentially dangerous, and the intoxication was not extreme.

And finally, in *Berg v. State*, the officer came upon the defendant in an airport gift shop. 720 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd). The officer stated that the defendant had an odor of alcohol, was thick-tongued, unbalanced, and unsteady on his feet. *Id.* The state cited several cases showing probable cause for the arrest, but the Court responded as follows:

> The State cites and we are aware of cases which have affirmed public intoxication arrests. *E.g., Britton v. State,* 578 S.W.2d 685, 689 (Tex. Crim. App. 1978), *cert. denied,* 444 U.S. 955, 100 S. Ct. 435, 62 L.Ed.2d 328 (1979); *Dickey v. State,* 552 S.W.2d 467 (Tex. Crim. App. 1977); *Balli v. State,* 530 S.W.2d 123 (Tex. Crim. App.1975); *Bentley v. State,* 535 S.W.2d 651 (Tex. Crim. App.1976); *Traylor v. State,* 642 S.W.2d 250 (Tex. App.—Houston [14th Dist.] 1982, no pet.); *Vasquez v. State,* 682 S.W.2d 407 (Tex. App.—Houston [1st Dist.] 1984, no pet.).
>
> However, these cases deal with circumstances in which the intoxicated suspect was obviously in a position to be a danger to himself or another—walking down the middle of the street, in a car, attempting to purchase tire chains for a car—or was in such an extreme state of intoxication that the suspect was incoherent and/or staggering and swaying.
>
> In this case we do not have either situation. Appellant was not in a precarious position while waiting in the airport gift shop for his flight. Further, there is no testimony or other evidence of extreme or

15

heavy intoxication. The officers' observations of appellant being unbalanced and thick-tongued were not sufficient to allow them to conclude appellant was intoxicated to the degree that would justify his warrantless arrest for public intoxication.

*Id.* at 201. Consequently, the Court held that there was no probable cause to arrest because the setting was not potentially dangerous and the level of intoxication was not extreme. *See id.*

## III.   THE LAW APPLIED TO THIS CASE

In this case, the Petitioner argued in both the suppression hearing and later to the Court of Appeals that he State could not establish probable cause under either the majority or minority line of cases. The State could not establish probable cause under the majority line of cases because the Petitioner was on the sidewalk where a pedestrian was supposed to be, and not in the street, parking lot, car, or some other inherently dangerous setting. (RR vol. 1 of 1, pp. 29-30).

And the State could not establish probable cause under the minority line of cases involving extreme intoxication because the only witness at the suppression hearing, the arresting officer, testified that although the Petitioner was initially found lying on the sidewalk, he got up within seconds of being asked, provided his identification when asked, was coherent, spoke in a matter of fact tone, and did not

16

lose his balance or fall down.[2] (RR vol. 1 of 1, 15, 29-31). The facts of this case mirror those cases above that do not find probable cause to arrest.

Presently, the Public Intoxication statute is often used as punishment rather than protection.[3] Because a petition must be brief, the Petitioner will refrain from presenting the long list of newspaper and magazine articles, blogs, and police department statistics concerning complaints arising from alleged improper Public Intoxication arrests. The statute can be utilized as a weapon because the interpretation that an officer can speculate on the endangerment requirement has been allowed to pervade the courts. The Petitioner humbly requests that this Court of Criminal Appeals grant this petition and provide the lower Texas courts with direction on how the Public Intoxication statute should properly be interpreted.

---

[2] The officer testified that after initially cooperating with officer on every request, the Petitioner refused to say what had caused him to be found lying on the sidewalk. The officer further testified that the Petitioner was arrested "within seconds" of exercising the right not to answer that question. (RR vol. 1 of 1, pp. 17, 28).

[3] This is especially true when one considers that every individual arrested for Public Intoxication is taken directly to the drunk tank of the county jail, perhaps the most violent square footage of any Texas county.

## PRAYER FOR RELIEF

The Petitioner respectfully prays that this Honorable Court of Criminal Appeals will grant this Petition for Discretionary Review—the Appellant waives oral argument. The Petitioner further prays that this Honorable Court of Criminal Appeals will vacate the Judgment of the court below and will remand this case to that court with instructions to grant the Petitioner's *Motion to Suppress*.

Respectfully submitted,

Dennis R. Cook
Pro Se Petitioner
4341 Red Oak Circle
Midlothian, TX 76065
Phone: (972) 775-1571
Fax: (972) 296-5402
dennis.cook777@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that on the 30th day of January, 2015, a true and correct copy of this Petition for Discretionary Review of Pro Se Petitioner Dennis R. Cook was forwarded by first class U.S. mail to:

Lubbock County District Attorney's Office
Matthew Powell, Director
P.O. Box 10536
Lubbock, TX 79408

State Prosecuting Attorney
Lisa C. McMinn
P. O. Box 13046
Austin, TX 78711-3046

_____
Dennis R. Cook
Pro Se Petitioner
4341 Red Oak Circle
Midlothian, TX 76065
Phone: (972) 775-1571
Fax: (972) 296-5402
dennis.cook777@gmail.com

21

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document was completed using Microsoft Word software, Times New Roman font, in 14-point type, footnotes in 12-point type. It contains 2,693 words. This Petition for Discretionary Review complies with the length requirement of the Texas Court of Criminal Appeals.

Dennis R. Cook
Pro Se Petitioner
4341 Red Oak Circle
Midlothian, TX 76065
Phone: (972) 775-1571
Fax: (972) 296-5402
dennis.cook777@gmail.com

## **APPENDIX**

Copy of the Seventh Court of Appeals memorandum opinion rendered on October

30, 2014, No. 07-14-00149-CR, Dennis Ray Cook, Appellant v. The State Of

Texas, Appellee.



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00149-CR

DENNIS RAY COOK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 1
Lubbock County, Texas
Trial Court No. 2012-472,011, Honorable Mark Hocker, Presiding

October 30, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Dennis Ray Cook, appearing *pro se,* appeals his conviction for the offense of public intoxication and the resulting fine of $50. Through one issue, he challenges the court's denial of his motion to suppress. We will affirm.

### Background

Appellant was charged via information with the offense of public intoxication. He filed a "motion to suppress illegal arrest," on which the court held a hearing. Officer

David Babcock with the Texas Tech University Police Department was the only witness to testify at the hearing.

His testimony showed Babcock was on duty during a Texas Tech home football game in November 2011 when he received a dispatch that a Department of Public Safety trooper had reported a person was "passed out" on the sidewalk. Babcock and two other officers responded to the location, "on a sidewalk near the north end of Dan Law Field, near Drive of Champions and the entrance way into the parking lot of Dan Law Field." When the officers arrived, they found appellant lying on the sidewalk, an area Babcock testified was a public place.

Babcock approached appellant, finding him to be disoriented with a "dazed-type look" and slurred speech. Babcock also smelled a strong odor of alcohol coming from appellant's breath and body. Appellant's eyes were red, watery, glassy, and bloodshot. Babcock told the court that once appellant had been helped to his feet, "he was swaying and appeared to be unbalanced on his feet," and required assistance to walk.

Babcock testified he saw a cut on the bridge of appellant's nose and a bruise on his cheek. He said he asked appellant "what happened," but appellant did not want to answer. When Babcock attempted to question him further, appellant told him he was a law student, that he knew the law, and that he did not have to answer any questions. Appellant also told the officer that it was not any of his business and that he knew what he could say and what he did not have to say. Babcock testified appellant said these things with an "attitude."

2

Babcock placed appellant under arrest, handcuffed him, and placed him in a police unit to await the EMS van. The officer explained to the court that the medical responders would determine whether appellant should be taken to the hospital or could be taken to jail. Appellant was taken to jail.

During testimony regarding the circumstances that caused him to believe appellant was then a danger to himself or others, Babcock explained that appellant could have walked out into the street, walked out in front of a car exiting or entering the parking lot or been hit by a bus.

The trial court heard argument and denied the motion to suppress. The case was heard by a jury in January 2014. Officer Babcock testified as the sole State's witness during the guilt-innocence phase of trial; appellant testified as the sole defense witness. The jury found appellant guilty of the offense of public intoxication and punishment was assessed as noted. This appeal followed.

## Analysis

Through his sole issue on appeal, appellant argues the trial court abused its discretion in denying his motion to suppress because probable cause did not exist to arrest him for the offense of public intoxication. Appellant challenges only the reasonableness of Babcock's conclusion he was, at the time of his arrest, a danger to himself or others. He does not contest the evidence he was intoxicated or that showing he was in a public place.

3

A trial court's ruling on a motion to suppress is generally reviewed for abuse of discretion. TEX. CODE CRIM. PROC. ANN. art. 28.01(1)(6) (West 2012); *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). We review a trial court's ruling on a motion to suppress under the bifurcated standard enunciated in *Guzman v. State*, 955 S.W.2d 85, 87-88 (Tex. Crim. App. 1997). In a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *Rodriguez v. State*, 191 S.W.3d 428, 440 (Tex. App—Corpus Christi 2006, pet. ref'd), *citing State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).

In reviewing a trial court's ruling on a motion to suppress, we give almost total deference to the trial court's determination of historical facts and application-of-law-to-fact questions that turn on credibility and demeanor. *Perales v. State*, 117 S.W.3d 434, 437 (Tex. App.—Corpus Christi 2003, no pet.). We review *de novo* application-of-law-to-fact questions that do not turn on credibility and demeanor. *Id.* In the absence of explicit fact findings, we assume that the trial court's ruling is based on implicit fact findings supported in the record. *Perales*, 117 S.W.3d at 437; see *Carmouche v. State*, 10 S.W.3d 323, 332 (Tex. Crim. App. 2000) (recognizing implicit fact findings). We then review *de novo* whether the facts, express or implied, are sufficient to provide legal justification for admitting the complained-of evidence. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).

A person commits the offense of public intoxication if he appears in a public place while intoxicated to the degree that he may endanger himself or another. TEX. PENAL CODE ANN. § 49.02 (West 2003). The test for whether probable cause exists for a public intoxication arrest is whether the officer's knowledge at the time of the arrest

would warrant a prudent person in believing that a suspect, albeit intoxicated, was in any way a danger to himself or another person. *Rodriguez,* 191 S.W.3d at 445-46, *citing Britton v. State,* 578 S.W.2d 685, 687 (Tex. Crim. App. [Panel Op.] 1978). Proof of potential danger to the defendant or others is enough to satisfy the endangerment requirement for the offense of public intoxication. *Riggan v. State,* No. 07-09-00227-CR, 2011 Tex. App. LEXIS 5497, at *5-6 (Tex. App.—Amarillo July 19, 2011, pet. ref'd) (mem. op., not designated for publication), *citing Segura v. State,* 826 S.W.2d 178, 184 (Tex. App.—Dallas 1992, pet. ref'd) (applying former version of public intoxication statute).

The existence of probable cause depends on the totality of the circumstances. *Amores v. State,* 816 S.W.2d 407, 413 (Tex. Crim. App. 1991). Probable cause for a warrantless arrest requires that the officer have a reasonable belief that, based on facts and circumstances within the officer's personal knowledge, or of which the officer has reasonably trustworthy information, an offense has been committed. *Torres v. State,* 182 S.W.3d 899, 901 (Tex. Crim. App. 2005). When a court deals with probable cause, it deals with probabilities. *Illinois v. Gates,* 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed 527(1982); *Guzman,* 955 S.W.2d at 87. A showing of probable cause requires less evidence than is necessary to support a conviction. *Guzman,* 955 S.W.2d at 87, *Segura,* 826 S.W.2d at 182.

From Babcock's testimony, the trial court could have determined that the officer found appellant in an intoxicated and disoriented state lying on the sidewalk, at a

location[1] and time of heavy traffic[2] associated with a home football game; that appellant then exhibited wounds to his nose and face, the cause of which were unknown; and that appellant, when assisted to his feet, was unsteady and swaying. Based on those facts, the trial court rather clearly could have agreed with Babcock's conclusion that appellant was in danger of injury from the traffic.[3] *See Patterson v. State,* No. 01-11-00054-CR, 2012 Tex. App. LEXIS 1584, at *11-12 (Tex. App.—Houston [1st Dist.] March 1, 2012, no pet.) (mem. op., not designated for publication) (rejecting contention similar testimony was "too speculative" to satisfy danger requirement; collecting cases).

The suppression hearing testimony gave the trial court evidence on which to conclude the arresting officer had probable cause to believe appellant was intoxicated in a public place to the degree he posed a danger to himself or others, and thus was committing the offense of public intoxication. The court did not abuse its discretion in denying appellant's motion to suppress.

---

[1] We take judicial notice that Dan Law Field is Texas Tech's baseball field, located about one block west of its football stadium on the campus. *See* TEX. R. EVID. 201.

[2] Babcock agreed, on cross-examination, that he considered "the amount of foot traffic and vehicular traffic on [the adjacent street] to be "unsafe," and agreed he considered "a person demonstrating the degree of intoxication that [appellant] did at that close proximity to a street with that much vehicular, including busses, and pedestrian traffic in danger."

[3] Indeed, we think Babcock's testimony that appellant was in danger of being hit by a car or bus in the adjacent street and parking lot entrance provided only a partial list of apparent dangers to himself and others from appellant's circumstances. A person lying on the sidewalk in an area of such heavy pedestrian traffic is at risk of being stepped on or stumbled over by passing pedestrians.

## Conclusion

We resolve appellant's sole issue against him and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.