**James Allen DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 59303, 59304.**

Court of Criminal Appeals of Texas.

June 20, 1979.

James A. Davis, pro se.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Chris T. Hanger, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## ON STATE'S MOTION FOR REHEARING

W. C. DAVIS, Judge, dissenting.

The majority overrules the State's motion for rehearing without written opinion. On original submission a panel of this Court set aside the orders of the trial court revoking appellant's probation in two cases and remanded the causes, with one judge dissenting. *Davis v. State,* 576 S.W.2d 378. The panel held that marihuana found on appellant was unlawfully obtained for the reasons (1) that no arrest for public intoxication was made prior to the search, and (2) there was no probable cause to arrest appellant for public intoxication even if an arrest had been made.

The record reflects that on August 17, 1977, a Harris County Deputy Sheriff responded to a disturbance call in the 1400 Block of Almeda Street, which is also State Highway 248, where at about 1:30 p. m., he found appellant, who fit the description given the officer, walking along the sidewalk. The witness testified that traffic was normally medium to heavy at this particular time of the day, consisting of cars, trucks and tractor-trailer rigs. Upon asking appellant for identification, the officer noticed that appellant's mannerisms were not normal. His speech appeared to be "slurred," he was running his words together and appeared to be "cottonmouthed." Although no alcoholic beverages were smelled on appellant's breath, the experienced officer, who had observed many intoxicated people, determined that appellant was intoxicated by some unknown substance and made up his mind to arrest him. At that time, the officer noticed a bulge in the right front pocket of appellant's tight-fitting trousers, which he thought might be a weapon. He asked appellant to remove it from his pocket and appellant complied by pulling out a plastic bag containing what the officer believed, and later proved, to be marihuana. In giving the sequence of events at this point, the officer testified:

"Q. Now, when did you determine to arrest the defendant? Was it before or after you observed this bulge in his pocket?

A. Before.

   \*      \*      \*      \*      \*      \*

Q. I notice you said that he was, as far as you were concerned, he was already under arrest before the time of the search?

A. Yes, sir.

Q. So the search was incident to the arrest, is that correct?

A. Yes, sir."

This testimony demonstrates very clearly that there was an arrest for public intoxication prior to the search.

The majority holds that there was no probable cause to arrest appellant for public intoxication under V.T.C.A., Penal Code, Sec. 42.08, which requires that the arresting officer must have reason to believe the suspect is intoxicated "to the degree that he may endanger himself or another.'

In *Britton v. State,* on State's Motion for Rehearing, delivered March 21, 1979, 578 S.W.2d 685, this Court held:

"It must be borne in mind that we are here faced with the question of proof necessary to establish probable cause for arrest rather than proof essential to a judicial determination of guilt. . . . Thus, when an officer is confronted with a person intoxicated in a public place, his determination as to *possible danger* that may befall the individual is not reviewed under the same standard used in a judicial determination of guilt." (Emphasis added.)

In *Britton,* the appellant was a passenger in an automobile blocking traffic at 1:50 a. m. In the instant case, the appellant was on the sidewalk adjoining a busy state highway.

There can be no doubt that in response to the call, the officer had the right to stop and question the appellant. *Baity v. State,* 455 S.W.2d 305. Upon determining that the appellant was intoxicated from some substance, all alone, and only a few feet from a State Highway on which there was medium to heavy traffic, the officer was justified in believing appellant was potentially in danger, which is held in *Britton* to

be the test rather than present danger. The evidence was sufficient to show probable cause for the arrest of appellant, which arrest authorized a valid search incident thereto.

The motion for rehearing should be granted and the judgments affirmed.

DOUGLAS and DALLY, JJ., join in this dissent.