Frank EUGENE A/K/A Willie
Eugene, Appellant,

v.

The STATE of Texas, Appellee.

No. B14-87-998-CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 22, 1988.

Andrew Drapkin, Houston, for appellant.

Roe Morris, Houston, for appellee.

Before PAUL PRESSLER,
DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant entered a plea of guilty before the court to the offense of possession of a controlled substance, cocaine, in an amount less than 28 grams. TEX.REV.CIV.STAT.ANN. art. 4476-15 § 4.04(b). He was convicted and the court assessed punishment at ten years imprisonment, probated, and a $2,000.00 fine. We affirm.

Appellant raises a single point of error, contending that the trial court erred in denying his motion to suppress evidence because the arresting officer lacked probable cause when he initially stopped the motor vehicle appellant was operating upon a public highway.

The officer stopped appellant to advise him that the official inspection sticker in clear view upon the windshield of his vehicle had expired. The officer further requested appellant to produce a driver's license and proof of vehicle insurance and, when appellant failed to produce either, the

officer placed appellant under arrest. The request of the officer to produce documentary proof of license and insurance is not contested as being improper, nor is it argued that failure to produce either of such documents is not a violation of the law. After he was arrested, search of an outside pouch attached to the belt worn by the appellant revealed approximately two grams of rock cocaine, evidence which led to the conviction of the appellant after denial of his motion to suppress such evidence. The foundation for such motion and this appeal is TEX.CODE CRIM.PROC.ANN. art. 38.23. The propriety of a search after lawful arrest is not challenged.

In his brief, appellant cites the first sentence of Section 140, subsection (e), TEX. REV.CIV.STAT.ANN. art. 6701d (Vernon Supp. 1987–1988), the statute pertaining to compulsory inspection of motor vehicles registered in Texas. This provision creates a five day "grace" period, leading appellant to argue that no traffic violation took place, and, therefore, that no probable cause existed for the peace officer to make the initial stop of appellant's vehicle.

■ The issue of probable cause in this case is best addressed by a more complete construction of the controlling statute than is made by appellant in his brief. The appropriate and pertinent sections and subsections of the law found in Tex.Rev.Civ. Stat.Ann. art. 6701d (Vernon Supp.1987–1988), are as follows (emphasis added):

§ 140(e) ("Compulsory inspection")
"After the fifth (5th) day following the expiration of the period designated for the inspection, no person shall operate on the highways of this State any motor vehicle registered in the State unless a *valid* certificate of inspection is displayed thereon as required by this Section. Any peace officer who shall exhibit his badge or other signs of authority may stop any vehicle not displaying this inspection certificate on the windshield and require the owner or operator to produce an official inspection certificate for the Vehicle being operated. It is a defense to a prosecution under this section that a valid inspection certificate for the vehicle is in effect at the time of the arrest."

§ 140(g) ("Compulsory inspection")
"Any person operating a vehicle on the highways of this State, ... without displaying a valid inspection certificate ... is guilty of a misdemeanor ..."

§ 142(b) ("Safety standards, inspection certificates and verification forms")
"... The inspection certificate shall be invalid after the end of the twelfth month in which the vehicle was last inspected, approved, and the certificate of inspection issued...."

Appellant argues that the first sentence of subsection (e) of Section 140 of Article 6701d, referenced above, allows motor vehicle operators to be immunized from being stopped by police until the sixth day of the month following the month in which their motor vehicle certificates of inspection expire. Such a construction would constitute a corruption of the statute.

While confusion may result from attempts to harmonize all three sentences of subsection (e) of Section 140, they are not in conflict with each other. Sentence number one requires a *valid* inspection sticker to be displayed on any motor vehicle licensed in Texas before it may be driven on public roads of the state, after the fifth day of the month following the month in which a previous inspection sticker became invalid. The second sentence authorizes police to stop *any* vehicle not displaying *this* ("valid", from sentence number one is implicit) inspection sticker and require the operator to produce an official inspection certificate for the vehicle. Sentence three provides a defense to prosecution for arrest under Section 140 for failure to properly display a valid inspection certificate on the windshield of a motor vehicle, provided a valid inspection certificate is in effect at the time of arrest.

"Official inspection certificate" is not defined in the statute, but "Official inspection stations" are given status in subsection (a) of Section 141, and their function is adequately described throughout Section 142, creating more than a reasonable inference

that an official inspection certificate is issued after an official inspection at an official inspection station. The term "valid" is defined in subsection (b) of Section 142, Article 6701d, by indirection inasmuch as an "invalid" certificate is said to be one which is in existence after the end of the twelfth month in which such certificate was issued.

The evidence shows that appellant was stopped upon a public highway on August 4, 1987, while operating a motor vehicle displaying an official inspection certificate which became invalid on July 31, 1987. There is no evidence that appellant could produce a valid certificate of inspection upon being stopped, nor that such a valid certificate was in existence. Neither production or proof would have served to negate police authority under the second sentence of subsection (e) of Section 140 to stop appellant's vehicle for failure to display such a valid certificate anyway, the language of that second sentence not being restricted or conditioned by either the first sentence or the third sentence of subsection (e) of Section 140.

The whole context of subsection (e) of Section 140 is the display of a valid motor vehicle inspection certificate, not the prohibition of a police stop for failure to display such a valid certificate. If sentence number one of subsection (e) of Section 140 were intended to grant a five day extension of time to obtain a certificate of inspection for a motor vehicle, which argument is implicit in appellant's brief, reference in that first sentence to "unless a valid certificate of inspection is displayed thereon" would clearly read "unless a certificate of inspection is in effect", thereby being parallel to sentence number three, which in its present form offers a *prima facie* defense of failure to display a valid inspection certificate during the first five days of the calendar month after expiration of a previous certificate.

Failure to display a valid certificate of inspection is a misdemeanor under subsection (g) of Section 140, which misdemeanor may be defended against as to "display" by subsection (e) of Section 140, but the requirement for a valid certificate is not waived and a police stop of a vehicle under the second sentence of subsection (e) is authorized if no valid inspection certificate is visible upon the windshield of a vehicle being operated on highways of this State.

Since appellant's displayed certificate was not valid under subsection (b) of Section 142, the stopping of the vehicle under subsection (e) of Section 140 was authorized and there was probable cause under subsection (g) of Section 140 to suspect, stop, and investigate a probable misdemeanor. This, in turn, led to a request for the driver's license and insurance documents of the appellant. When he failed to produce these items, the arrest and search which followed were lawful under the line of cases cited in *Duncantell v. State*, 563 S.W.2d 252, 256 (Tex.Cr.App.1978).

■ Moreover, a peace officer does not need probable cause to make a temporary investigative detention if the officer has a reasonable suspicion that some activity out of the ordinary has occurred, some suggestion to connect the detained with the unusual activity, and some indication that the activity is related to crime. *Stone v. State*, 703 S.W.2d 652, 654 (Tex.Cr.App.1986).

■ While a mere hunch is insufficient for a brief investigatory stop of a citizen, the reasonable suspicion standard requires a lesser quantum of proof than the probable cause required for a full blown arrest and search. *Daniels v. State*, 718 S.W.2d 702, 704 (Tex.Crim.App.1986). "The test is whether the facts known to the officer at the moment of the stop and search would warrant a man of reasonable causation in belief that the action taken was appropriate." *Daniels v. State*, supra, reiterating *Davis v. State*, 576 S.W.2d 378 (Tex.Cr.App.1979).

■ Appellant's operation of a motor vehicle on a public highway with an invalid inspection certificate displayed thereon gave rise to more than a reasonable suspicion that no valid inspection certificate was in existence and the stop by the peace officer was a reasonable act. The subsequent demand by the peace officer for a

display of appellant's driver's license was authorized under TEX.REV.CIV.STAT. art 6687b § 13, and appellant's failure to display the license was a misdemeanor under that same section of the cited statute. There is no suggestion that the peace officer detained the appellant's vehicle solely to make a driver's license check, a prohibited detention under *Fatemi v. State*, 558 S.W.2d 463 (Tex.Cr.App.1977). Articulable facts and circumstances came to the peace officer's attention during the license check to justify his further investigation, leading to the discovery and seizure of contraband properly admitted into evidence. *Razo v. State*, 577 S.W.2d 709 (Tex.Cr.App.1979). The motion to suppress evidence was properly denied.

Accordingly, the judgment of the trial court is affirmed.