Jones v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00488-CR







Sherman Ray Jones, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 7987, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING







 Appellant Sherman Ray Jones was convicted of possession of cocaine in the amount
of less than 28 grams. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.115,
1989 Tex. Gen. Laws 2230, 2936 (Tex. Health & Safety Code Ann. § 481.115, since amended). 
The jury assessed punishment, enhanced by two prior felony convictions, at life imprisonment. 
On appeal, appellant contends that crucial evidence was obtained after police illegally attempted
to frisk him and should have been suppressed; he also contends that the evidence at trial was
legally insufficient to establish possession. We will affirm.



FACTUAL AND PROCEDURAL BACKGROUND


 On June 10, 1993, at around 4:30 p.m., Department of Public Safety Officer
Rosanna Church came upon a vehicle stopped in the middle of a rural roadway in Elgin, Texas. 
Because it was a traffic violation to be stopped in the middle of the road, Officer Church ordered
appellant, who was the driver and sole occupant of the vehicle, to pull it off the road. See Tex.
Transp. Code Ann. § 545.301 (West 1997). By coincidence, Officer Church was being
accompanied by civilian employees of the Department of Public Safety who were making a
recruiting video. As a result, most of the incident was recorded on videotape. (1)

 Officer Church turned on her emergency lights, and appellant moved his car into
a driveway. After exiting his car, appellant was asked to empty his pockets, but refused. When
the officer attempted to frisk appellant, he fled. Church lost sight of appellant but found him
within ten minutes in the same general vicinity. When found, appellant was stuffing his pockets
back into his pants, leading Church to believe that he had thrown something out of them. A
search of the vicinity produced a recently dropped rolling paper containing a mixture of marijuana
and .25 grams of crack cocaine. Appellant was arrested and charged with possession of cocaine.



DISCUSSION


 In his first point of error, appellant contends that the evidence presented at trial is
not legally sufficient to support his conviction because it does not provide an "affirmative link"
between himself and the contraband. In reviewing a legal sufficiency challenge, the court reviews
the record in the light most favorable to the verdict to determine whether any rational trier of fact
could have found the elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 317 (1979); Blankenship v. State, 780 S.W.2d 198, 206-207 (Tex. Crim. App. 1989).

 The "affirmative links" analysis is simply a shorthand expression used to identify
what must be proven in a prosecution for drug possession, namely, that the accused's connection
with the drug is more than fortuitous. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App.
1995). In the past, courts used the "affirmative links" analysis in conjunction with the
"outstanding reasonable hypothesis" construct, which required the elimination of reasonable
theories inconsistent with the defendant's guilt, in order to assess whether the State's burden of
proof had been met. Id. at 748. However, the use of the "outstanding reasonable hypothesis"
approach was rejected in Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991). While
this rejection has not significantly compromised the "affirmative links" analysis, the link need not
now be so strong as to eliminate every reasonable hypothesis that is inconsistent with the
defendant's guilt. Brown, 911 S.W.2d at 748.

 Appellant compares the evidence against him to the links found in Tatum v. State,
836 S.W.2d 323, 325 (Tex. App.--Austin 1992, pet. ref'd), in which this Court reversed a
conviction for drug possession. Appellant suggests that the links between the drugs and himself
are no stronger in the present case than those that linked the defendant in Tatum to the contraband
discovered near him. The reasoning in Tatum, however, rested upon a combination of both an
"affirmative links" analysis and the "outstanding reasonable hypothesis" construct. (2) Id. at 324-325. Our case is distinguishable from Tatum factually and by the legal standard that must be
applied.

 In Tatum, this Court noted that "the State adduced no evidence affirmatively linking
Tatum to the syringe, other than his proximity to it." Id. at 325. Our use of the "outstanding
reasonable hypothesis" approach meant that the case presented a "mere proximity" fact pattern,
because all other suggested links were eliminated by reasonable alternative theories. Id. at 326. 
For example, evidence that Tatum's fingerprints were found on a nearby jar that may have been
used in drug preparation was not considered an affirmative link because of the reasonable
alternative theory that the defendant may have used the jar for a legitimate purpose. Id.

 In the present case, the fact pattern includes more than "mere proximity." In
addition to presenting proximity evidence that appellant had been in the small brushy area in
which the cocaine was found, Officer Church testified that she had observed appellant stuffing his
pockets back into his pants after the chase. The condition of the contraband indicated that it had
been dropped on the ground recently. Marijuana residue and rolling papers were found in the car
appellant was driving, and the crack cocaine discovered was mixed with marijuana and wrapped
in similar rolling papers. The car in which the marijuana residue and rolling papers were found
was insured in appellant's name. Officer Church believed that appellant was under the influence
of either drugs or alcohol and that appellant's nervous behavior and flight indicated a
consciousness of guilt. The jury also was able to view much of this evidence by means of the
videotaped recording of the incident.

 Appellant further suggests that the court in Herndon v. State, 787 S.W.2d 408, 409
(Tex. Crim. App. 1990), used the "affirmative links" analysis, without resorting to an
"outstanding reasonable hypothesis" test, to reverse a conviction with a similar fact pattern. 
There, the links were "mere presence" at the scene of the offense with possible knowledge of
some illegal activity. Id. at 410. As discussed above, however, the fact pattern in the present
case contains more than "mere presence" and possible knowledge of illegal activity. Accordingly,
we do not consider Herndon controlling.

 In a legal sufficiency review, this Court does not act as a super-jury to reweigh the
force of the evidence. Urbano v. State, 837 S.W.2d 114, 115 (Tex. Crim. App. 1992). With the
rejection of the "outstanding reasonable hypothesis" construct, we no longer eliminate evidentiary
links that might be otherwise explainable by reasonable alternative theories. We simply require
that the links, taken together, be sufficient to rationally support the finding of the jury. Because
we conclude that the jury viewing the evidence in this case could reasonably have concluded that
appellant possessed the drugs in question, we overrule point of error one.

 In point of error two, appellant contends that, because the evidence used to convict
him was obtained only as a result of an illegal frisk, the trial court erred in overruling his motion
to suppress. See Comer v. State, 754 S.W.2d 656, 658-59 (Tex. Crim. App. 1986). In a
suppression hearing, the trial judge is the sole judge of the credibility of the witnesses and the
weight to be given their testimony. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990). The decision of the trial court is to be reversed only upon a showing of an abuse of
discretion, i.e., if the decision is unsupported by the record. Upton v. State, 853 S.W.2d 548,
552 (Tex. Crim. App. 1993).

 Officer Church testified that she originally detained appellant because he had
committed the traffic violation of stopping a car in the middle of the road. See Tex. Rev. Civ.
Stat. Ann. art. 6701d, § 93 (West 1977). An officer's observation of a traffic offense gives the
officer a reasonable basis for stopping the vehicle and detaining the driver. Anderson v. State,
701 S.W.2d 868, 873 (Tex. Crim. App. 1985), cert. denied, 479 U.S. 870 (1986). A frisk,
however, is not permitted solely because the detention was justified. Maryland v. Buie, 494 U.S.
325, 334 (1990). Moreover, evidence obtained as a result of police misconduct may require
suppression. Comer, 754 S.W.2d at 658-59. Therefore, the question for determination here is
whether the evidence supports the finding that the attempted frisk was justified.

 Courts have looked to the totality of the circumstances to determine if frisks
conducted for the safety of a police officer were reasonable. See United States v. Micheletti, 13
F.3d 838, 844 (5th Cir. 1994); Brown v. State, 830 S.W.2d 171, 175 (Tex. App.--Dallas 1992,
pet. ref'd). The factors surrounding a "stop and frisk," taken as a whole, may justify an officer's
actions even where one factor alone might not suffice to create reasonable suspicion. Davis v.
State, 829 S.W.2d 218, 220 (Tex. Crim. App. 1992). In Davis, the court stated that the fact that
the suspect was wearing a trench coat on a warm day may not have been enough alone to create
a reasonable suspicion for the detention and subsequent frisk. Id. However, taken in context with
the specific dispatch that the officers received and the subject's attempt to flee at the sight of the
officers, the Court of Criminal Appeals found both the stop and initial frisk reasonable. (3) Id. at
220, 221.

 Church testified that she decided to frisk appellant for her own safety and
protection. Police are not required to subject themselves to unnecessary risks such as those
imposed by the ease of access of a weapon. Terry v. Ohio, 392 U.S. 1, 23 (1968). Nonetheless,
the officer's interest in protecting herself is still restricted by an individual's Fourth Amendment
right to be free from unreasonable searches and seizures. Id. at 20. An officer may frisk a
detainee only if a reasonably prudent person in the same circumstances would be warranted in
believing that her safety was in danger. Id. at 27. This reasonableness standard is satisfied by
specific and articulable facts that, if taken with rational inferences, reasonably warrant the
intrusion. Id. at 21; Davis v. State, 576 S.W.2d 378, 380 (Tex. Crim. App. 1979).

 The court of criminal appeals has suggested a number of factors that can be helpful
in determining when a frisk may be invalid. See Worthy v. State, 805 S.W.2d 435, 438-439 (Tex.
Crim. App. 1991); Lippert v. State, 664 S.W.2d 712, 721 (Tex. Crim. App. 1984). These
include: no furtive gestures toward the pocket, subject not shown to be committing a criminal
offense, subject does not seem to be under the influence of drugs or alcohol, no attempt to resist
detention, and the officer knew nothing of any prior record of the subject. Worthy, 805 S.W.2d
at 438-439; Lippert, 664 S.W.2d at 721.

 In the present case, none of these factors tending to show an invalid search is
present. Officer Church testified that appellant was moving his hands in and out and around his
pockets. He was stopped for committing a traffic violation. Appellant had an open can of beer
with him, and the officer testified she believed appellant to be under the influence of drugs or
alcohol. Appellant appeared nervous and avoided answering questions about the contents of his
pockets. Finally, Officer Church had previously arrested appellant for possession of drugs and
was aware of his convictions for burglary and sexual assault of a child.

 In response, appellant asserts that the videotape of the incident contradicts portions
of Officer Church's version of the events leading up to her attempted frisk of appellant. Because
the videotape was not introduced into evidence at the suppression hearing, however, we may not
consider it in determining whether the trial court erred in overruling appellant's motion to
suppress: "[I]n determining whether a trial court's decision [on a motion to suppress] is
supported by the record, we generally consider only evidence adduced at the suppression hearing
because the ruling was based on it rather than evidence introduced later." Rachal v. State, 917
S.W.2d 799, 809 (Tex. Crim. App. 1996); accord Hardesty v. State, 667 S.W.2d 130, 135 n.6
(Tex. Crim. App. 1984). There is nothing in the present case that takes it out of the general rule.

 We conclude that, even if certain factors alone might not have been sufficient to
support the attempted frisk of appellant, the factors in this case, taken as a whole, support a
finding of reasonableness. Compare Montano v. State, 843 S.W.2d 579, 582 (Tex. Crim. App.
1992) (holding that nervously looking around in an airport not sufficient to justify frisk). In
consideration of the whole of Officer Church's observations, we cannot say that the trial court
abused its discretion by denying appellant's motion to suppress. We overrule point of error two.



CONCLUSION


 Having overruled both points of error, we affirm the judgment of conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: December 5, 1996

Do Not Publish

1.   The videotape was admitted into evidence during the trial on the merits, but was not
offered into evidence at the hearing on appellant's motion to suppress.
2.   The rejection of the "outstanding reasonable hypothesis" in Geesa was applied with
"limited prospectivity" to Geesa and all cases tried thereafter. Geesa, 820 S.W.2d at 165. 
The trial in Tatum occurred nearly five months before the Geesa decision. Tatum, 836
S.W.2d at 325. 
3.   The court found that the proper scope of the initial frisk was exceeded, however,
when the officers opened a matchbox found in the subject's pocket because it was not
reasonable to believe that the matchbox contained a weapon. Davis, 829 S.W.2d at 221.


easonableness standard is satisfied by
specific and articulable facts that, if taken with rational inferences, reasonably warrant the
intrusion. Id. at 21; Davis v. State, 576 S.W.2d 378, 380 (Tex. Crim. App. 1979).

 The court of criminal appeals has suggested a number of factors that can be helpful
in determining when a frisk may be invalid. See Worthy v. State, 805 S.W.2d 435, 438-439 (Tex.
Crim. App. 1991); Lippert v. State, 664 S.W.2d 712, 721 (Tex. Crim. App. 1984). These
include: no furtive gestures toward the pocket, subject not shown to be committing a criminal
offense, subject does not seem to be under the influence of drugs or alcohol, no attempt to resist
detention, and the officer knew nothing of any prior record of the subject. Worthy, 805 S.W.2d
at 438-439; Lippert, 664 S.W.2d at 721.

 In the present case, none of these factors tending to show an invalid search is
present. Officer Church testified that appellant was moving his hands in and out and around his
pockets. He was stopped for committing a traffic violation. Appellant had an open can of beer
with him, and the officer testified she believed appellant to be under the influence of drugs or
alcohol. Appellant appeared nervous and avoided answering questions about the contents of his
pockets. Finally, Officer Church had previously arrested appellant for possession of drugs and
was aware of