[No. 2083.]

JOE TERRY v. THE STATE.

1. DISTURBING THE PEACE—CHARGE OF THE COURT.—The private character of a private residence is not even temporarily affected by the assemblage of a large number of invited guests to witness a marriage ceremony. See the statement of the case for a special requested instruction upon a trial for disturbing the peace by cursing, etc., in a private house, *held* to have been properly refused.
2. EVIDENCE—VENUE of the offense is an issue indispensable to the legality of a conviction, and must affirmatively appear by the record on appeal to have been proved.

APPEAL from the District Court of Trinity. Tried below before the Hon. N. G. Kittrell.

This conviction was for disturbing the peace by going into the private house of Gideon Gibson, and using loud, vociferous, vulgar and obscene language, cursing and swearing, and displaying a knife therein. The penalty imposed by the jury was a fine of one dollar.

The one witness who testified was the owner of the house, Gideon Gibson, and he established the fact that the defendant, though one of a number of guests attending a wedding at his private house, used violent, obscene and vulgar language, and flourished a knife in a threatening manner while in that house.

The special charge refused by the court, and referred to in the first head note of this report, reads as follows:

"Under an indictment charging a disturbance of the peace to have been committed in a private house, a defendant can not be convicted of disturbing the peace in a public place. When a private residence is thrown open to invited guests upon an occasion of a wedding, and a crowd is gathered at such private residence, during the time such crowd is assembled such residence is a public place."

The motion for new trial raised the questions discussed in the opinion.

*J. P. Stevenson* and *Earl Adams*, for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. It was not error for the court to refuse the special charge requested by the defendant. The fact that the private residence where the disturbance occurred was, at the time, a place where numerous persons had, upon invitation of the owner of the house, assembled on the occasion of a wedding, did not divest the residence of its private character, and deprive it of the protection afforded by the statute under which this conviction was obtained.

There is no error in the charge of the court.

In the statement of facts before us there is no evidence, either direct or circumstantial, that the offense was committed in the county of the prosecution, and for the want of proof of venue the judgment must be reversed and the cause remanded.

*Reversed and remanded.*