## JESSE PUGH v. THE STATE.

### No. 4412. Decided March 10, 1909.

**Drunkenness—Public Place—Private Residence.**

Where upon trial for drunkenness in a public place the evidence showed that the alleged offense took place at a private residence; that a gathering of a few invited guests took place at said private residence; that but two entertainments of this character had taken place at said private residence, between an interval of eight months; that the social gathering at the time was exclusive, and that the owners of said residence did not open the same for public entertainment; the same was not a public place in contemplation of law, and defendant was not guilty even if he was intoxicated, which question was also doubtful.

Appeal from the County Court of Stephens. Tried below before the Hon. A. J. Power.

Appeal from a conviction of being drunk in a public place; penalty, a fine of $1.

The opinion states the case.

*W. P. Sebastian,* for appellant.—Cited cases in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of being drunk in a public place.

The facts, without dispute, show that if appellant was drunk it was at the private residence of Charley Knox. The facts further show, without dispute, that Knox resided about five miles east of the town of Breckenridge; that on the night of the first of February, 1907, Knox and his wife gave an entertainment to a few friends, and only to those who were invited. It was an exclusive affair, and confined only to those invited. Among the families in-

vited were those of Mr. Goodwin and Mr. Pugh, father of appellant. These guests met at the residence of Knox, as before stated, at the invitation of Knox and wife, and that Knox and wife did not on this or any other occasion throw open the doors of their residence for public entertainment of any sort, and that it was not a place where such entertainments were given; nor where people commonly resorted for the purpose of recreation, entertainment or amusement and had never been. This is the testimony of Knox and wife. They further stated that they had never given any social entertainment except on one occasion prior to the occasion mentioned, which had occurred about eight months before appellant was charged with being drunk. In regard to appellant's condition it was shown by the testimony that some time after the parties had assembled, appellant was seen lying down in the yard apparently sick, and some of the evidence shows that he vomited; and there is also evidence to the effect that one or more of the witnesses detected the odor of intoxicating liquors about his person. No witness testified to having seen or even known of his taking a drink of intoxicating liquor, nor was he seen in possession of any.

There are several interesting questions presented for revision which we deem unnecessary to discuss, inasmuch as under our view of the law and the evidence, if it be conceded that appellant was drunk, that this did not occur at a public place. The private residence of Knox and his wife was not a public place, under the statute, nor was there any fact introduced in evidence which shows or tends to show that it was such public place. See Bordeaux v. State, 31 Texas Crim. Rep., 37. A private residence is not a public place, but may be made to partake of the nature of a public place if resorted ·to in such manner as is prohibited by the gaming laws, but in such case it must be resorted to as prohibited by the statute, and thereby constitute a place whereat gaming is prohibited. The definitions of "public" under the gaming statutes have been held to apply to this offense. Murchison v. State, 24 Texas Crim. App., 8. There had been but two entertainments at this residence, the interval between them being eight months. The testimony is conclusive that no one was authorized to be at this residence at either time, except the invited guests and these were constituted by the invited friends of Knox and wife. See also Gomprecht v. State, 36 Texas Crim. Rep., 434; Galloway v. State, 26 S. W. Rep., 67; Hipp v. State, 45 Texas Crim. Rep., 200; White's Ann. Penal Code, art. 150, secs. 229 and 230. If gaming had occurred at the time and place appellant was charged with being drunk, under the facts of this case, there could have been no punishment under our gaming laws. It would be rather an anomaly to hold that this was a public place where a man could be found drunk in violation of the statute, and yet not as a common resort at a private residence for gaming. A private residence can not be a public place within the terms of our statute,

nor at any time, unless it is made public by being thrown open for access to the public. There is no statute under our codes that would make a private residence, under the facts stated, a public place. Nor does the mere fact that a few invited guests attended the gathering of a friend at the private residence of their friend, constitute that gathering a public one, or the residence a public place. Terry v. State, 22 Texas Crim. Rep., 679, 3 S. W. Rep., 477. It may be questioned that the evidence is sufficient, even to show that appellant was drunk, but clearly it excludes the idea that if he was drunk, it was a public place.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*