## BEN AUSTIN v. THE STATE.

### No. 306.  Decided January 12, 1910.

**Fighting in Public Place—Charge of Court—Common Resort—Public Place—**
**Statutes Construed.**

Where, upon trial for fighting in a public place, the evidence showed that, on the night during which the fighting occurred, the alleged house was thrown open to the public for the purpose of amusement, and there was no allegation in the indictment that said house was one commonly resorted to for the purpose of amusement, and the court properly submitted the law of the case as applied to the facts, there was no error in refusing a special charge that the jury could not convict unless they found, beyond a reasonable doubt, that said house was one commonly resorted to for the purpose of amusement. Distinguishing Pugh v. State, 55 Texas Crim. Rep., 462.

Appeal from the County Court of Gregg. Tried below before the Hon. Judson H. McHaney.

Appeal from a conviction of fighting in a public place; penalty, a fine of $25.

The opinion states the case.

*Edwin Lacy* and *J. N. Campbell* and *F. B. Martin,* for appellant. —Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for fighting at a public place. The indictment alleged that appellant and others on or about the 2d day of April, 1909, in the county of Gregg and State of Texas, did then and in a public place, to wit, at the house of J. W. Finley, a place where people had then and there assembled for the purpose of public amusement and conducting themselves in a lawful manner, did then and there unlawfully and wilfully fight together against the peace and dignity of the State. The testimony showed that on the 2d day of April, 1909, there was a dance at the residence of J. W. Finley at night, and that there was a large crowd at the dance. Some of the witnesses testified that they were there without invitation and some that there were invitations extended. Several of the witnesses testified that they had no invitations. While they were assembled the appellant engaged in fighting with other parties. The court charged the jury as follows: "If any two or more persons shall fight together in a public place they shall be punished by fine not exceeding one hundred dollars. The law in defining a public place, among other things, defines it as being any place at which people are assembled for the purpose of business, amusement, recreation, or other lawful purposes. A private residence can not be a public place, unless it is made public

by being thrown open for access to the public. A place may be public at one time and private at another. Now, bearing in mind these instructions, if you find that the defendant in Gregg County, Texas, on or about the time alleged did at the house of J. W. Finley, and that such house was then and there a public place, .did fight together with another person or persons, then find defendant guilty and assess his punishment at a fine 'of any sum not exceeding one hundred dollars." Appellant requested the following special charge, which was by the court refused: "Before you can convict the defendant you must believe from the evidence beyond a reasonable doubt that the defendant fought at the house of J. W. Finley, and at the time of fighting, if any, said house was one commonly resorted to for the purposes of amusement, and unless you so find then you will acquit the defendant." We are inclined to think the court did not err in refusing to give this special charge. Neither the allegation in the indictment nor the proof raised the issue that the house of Finley became public by reason of being commonly resorted to. The statute, article 333, says: "If any two or more persons shall fight together in a public place, they shall be punished by fine not exceeding one hundred dollars." Now, article 335, in defining a public place within the meaning of article 333, says: "A public place within the meaning of the two preceding articles, is any public road, street or alley of a town or city, or any inn, tavern, store, grocery or workshop, or place at which people are assembled or to which people commonly resort for purposes of business, amusement, recreation or other lawful purpose." The place may be made public by reason of the fact of the people assembling there for any innocent amusement, or may be made public by reason of being a common resort for the same purpose. There is no question in this case that people were in the habit of commonly resorting to the home of Mr. Finley for amusement or for any other purpose. The facts rather indicate that the house on this night was thrown open to the public and people had assembled there for the purpose of amusement and recreation, and under this state of the facts, we think, that the charge of the court was correct and that the charge requested was properly refused. The facts of this case are unlike the facts in Pugh v. State, 55 Texas Crim. Rep., 462, 117 S. W. Rep., 817. In that case Pugh was indicted for being drunk at a public place. The facts in the case showed that if appellant was drunk it was at the private residence of Charlie Knox, who had an entertainment at his house where Pugh, as well as all the guests, were specially invited. The court in that case properly held that that was not a public place within the meaning of the law. A private residence is not a public place, but may be made to partake' of the nature of a public place if, for the time being, it is thrown open to the public for the purposes of recreation or amusement.

If a special charge had been requested in this case to the effect that if the people were asembled at Mr. Finley's house by special invitation, and the public generally not invited, and if the jury so found to acquit, we think, under the facts of the case the court should have given such a charge. But in the absence of such requested charge it was an issue of fact properly submitted by the general charge and the finding of the jury will not be disturbed.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*