BEN AUSTIN v. THE STATE.

No. 307. Decided January 12, 1910.

**1.—Disturbing Peace—Election by State—Charge of Court.**

Where the information charged in one count that defendant cursed at a public place, and in another that he used abusive language calculated to provoke a breach of the peace, and the State's counsel, in his statement to the jury, declared that he would elect to prosecute on the first count, and the defense acted upon this statement, but the court nevertheless instructed the jury in respect to both counts, and the jury rendered a general verdict. Held, that this was an election by the State, and such charge reversible error.

**2.—Same—Public Place—Charge of Court.**

Where, upon trial for disturbing the peace, the evidence raised the issue as

to whether the place at which the disturbance occurred was public or private, the same should have been submitted to the jury, as requested. Following Pugh v. State, 55 Texas Crim. Rep., 462.

Appeal from the County Court of Gregg. Tried below before the Hon. J. H. McHaney.

Appeal from a conviction of disturbing the peace; penalty, a fine of $10.

The opinion states the case.

*J. N. Campbell* and *Edwin Lacy* and *F. B. Martin,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by indictment filed in the County Court of Gregg County, with cursing and swearing at a public place, to wit, the residence of one Finley, where people were assembled for the purpose of innocent amusement, and further that in the presence and hearing of Mack Goforth he cursed. and abused the said Goforth under circumstances reasonably calculated to provoke a breach of the peace.

1. It appears by bill of exceptions that after all the evidence had been introduced the county attorney elected to prosecute on the first count only and made the following statement, touching said matter, to the court and jury: "I here elect to prosecute on the first count in said indictment only." It further appears by the bill of exceptions that there was no argument made to the court or jury by the counsel for the defendant, or the county attorney for the State on the second count, in said indictment. It is also shown by the bill, as well as by the court's charge, that the court instructed the jury in respect to both counts in the indictment and authorized a conviction under the charge with reference to either one of such counts, as the jury might find. There was in the case a general verdict. We think in view of the election of the county attorney and the apparent acquiescence of the court therein, considered in connection with the fact that neither the State nor counsel for appellant discussed the facts touching the offense charged in the second count, that the court should not have instructed the jury and authorized a conviction on the count which had been in terms abandoned by counsel for the State. To hold otherwise would be to permit a conviction on a count which had been by the State abandoned, and where, acting on such abandonment there had been no discussion or defense made by defendant's counsel in respect thereto. The fact that the court made no objection to this action of counsel for the State was in substance an acquiescence in and consent to such abandonment and justified counsel for appellant in directing

their argument and making their defense with respect to that count in the indictment on which the State elected to prosecute.

2. The evidence showed that the facts constituting what is claimed to be the offense under the first count occurred at the residence of one Finley. Much of the evidence tends to show that the persons present were there by invitation, and not otherwise, though there is some evidence that some persons closely related to the parties attended, and there is also a statement by other witnesses that no one who had gone there was forbidden to enter. However, the issue was squarely raised that the persons present were there strictly by invitation, and that the house was not thrown open to the public generally. In this condition of the record we think the court should have given the special charge requested by counsel for the appellant to the effect in substance that if they believed and found from the evidence that the place charged in the indictment was not a public place, but a private residence, and that those assembled at such place were there by invitation, then appellant would be entitled to an acquittal. This position seems well sustained by the recent case of Pugh v. State, 55 Texas Crim. Rep., 462, 117 S. W. Rep., 817.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*