ACCEPTED
03-14-00334-CR
7155412
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/29/2015 5:10:21 PM
JEFFREY D. KYLE
CLERK

CASE NO. 03-14-00334-CR

IN THE COURT OF APPEALS

FOR THE THIRD DISTRICT

AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

9/29/2015 5:10:21 PM

JEFFREY D. KYLE
Clerk

_____

**TERAN PENNICK**

**VS.**

**STATE OF TEXAS**

_____

Appeal from the County Court at Law No. 6 of
Travis County, Texas
Cause No. C1CR13200027

_____

APPELLANT'S BRIEF

_____

**ORAL ARGUMENT NOT REQUESTED**

David W. Crawford
State Bar No. 24031601
Crawford & Cruz, PLLC
P.O. Box 686
Austin, Texas  78767
Telephone (512) 795-2000
E-fax (512) 237-7792
dcrawford@crawfordcruz.com

i

# NAMES OF ALL PARTIES

The following is a complete list of all names and addresses of all parties to the Trial Court's final judgment and the names and addresses of all trial counsel:

Appellant:          **Teran Pennick**

Appellate Counsel:      **David W. Crawford**
State Bar No. 24031601
Crawford & Cruz, PLLC
P.O. Box 686
Austin, Texas 78767
Telephone: (512)795-2000
E-fax: (512)237-7792

Trial Counsel:         **Duke Hildreth**
State Bar No. 24002281
Hildreth and Rueda
1301 Nueces St., Suite 101
Austin, Texas 78701
Telephone: (512)473-2272

Appellee:          **State of Texas**

Counsel:           **David Escamilla**
Travis County Attorney
P.O. Box 1748
Austin, Texas 78767
Telephone: (512)854-9415

Trial Court:         **The Honorable Brandy Mueller**
County Court at Law No. 6
P.O. Box 1748
Austin, Texas 78767
Telephone (512)854-9677

# TABLE OF CONTENTS

Names of all Parties .......................................................................... i

List of Authorities .......................................................................iv-v

Statement of the Case ....................................................................... 1

Issues Presented ............................................................................... 2

Statement of Facts ............................................................................ 3

Summary of Argument ...................................................................... 4

Argument............................................................................................ 6

I.     THE TRIAL COURT ERRED BY ADMITTING PORTIONS OF A VIDEO TAPE OF STATEMENTS MADE BY THE DEFENDANT THAT WERE MORE PREJUDICIAL THAN PROBATIVE

II.    THE EVIDENCE WAS NOT LEGALLY SUFFICIENT TO SHOW THAT PROBABLE CAUSE EXISTED THAT APPELLANT OPERATED A MOTOR VEHICLE IN A PUBLIC PLACE WHILE INTOXICATED

Conclusion and Relief Requested .......................................................... 16

Certificate of Service .......................................................................... 17

Certificate of Compliance …………………………………………………...18

# LIST OF AUTHORITIES

## TEXAS CASES

*Banda v. State*, 890 S.W.2d 42 (Tex.Crim.App. 1994) . . . .. . . . . . . . . . .. . . . . . . . ..13

*Brooks v. State,* 323 S.W.3d 893 (Tex.Crim.App. 2011) . . . . . . . . . . . . ..12-13

*Commander v. State*, 748 S.W.2d 270 (Tex.App.-Houston [14th Dist.] 1988, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . .15

*Conner v. State*, 67 S.W.3d 192 (Tex.Crim.App. 2001) . . . . . . .. . . . . . . . .6

*Curry v. State*, 30 S.W.3d 394 (Tex. Crim. App. 2000) . . .. . . . . . . .. . . . . .. ..12

*Fowler v. State*, 65 S.W.3d 116 (Tex.App.-Amarillo 2001) . . .. . . . . . .. . . . . ... 15

*Harris v. State*, 164 S.W.3d 775 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd.) . . . . .. . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..12

*Jones v. State*, 984 S.W.2d 254 (Tex. Crim. App. 1998) . . .. . . . . . . .. . . . . . ..11

*King v. State*, 29 S.W.3d 556 (Tex. Crim. App. 2000) . . .. . . . . . .. . . . . . .. 12

*Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986) . . .. . . . . . .. . . . . .11

*Maddox v. State*, 682 S.W.2d 563 (Tex.Crim.App. 1985) . . . . . . . . . . . . . . .. . . 7

*Malincote v. State*, 548 S.W.2d 42 (Tex.Crim.App. 1972). . . . . . . . . . . . . . . . . . .7

*McFarland v. State,* 845 S.W.2d 854 (Tex.Crim.App. 1992) . . . . . . . . . . . . . . . . . .6

*McVickers v. State*, 874 S.W.2d 662 (Tex.Crim.App. 1993) . . . . . . . . . . . . . . . . 7

*Muniz v. State*, 851 S.W.2d 238 (Tex. Crim. App. 1993) . . .. . . . . . . .. . . . . . . ..12

*Pugh v. State*, 117 S.W. 817 (1909) . . .. . . . . . . .. . . . . . . . . . . . . . . . . . . . . .15

*Salinas v. State*, 163 S.W.3d 734 (Tex. Crim. App. 2005) . . .. . . . . . . .. . . . . . . 11

iv

*Sharp v. State*, 707 S.W.2d 611 (Tex. Crim. App. 1986) . . . .. . . . . . . .. . . . . . . . . 11

## SUPREME COURT CASES

*Jackson v. Virginia*, 443 U.S. 307 (1979)…………………………...…………12

## STATUTES AND RULES

Tex. Penal Code 1.07(40)…………………………………………………………13

Tex. Penal Code 49.04……………………………………………………………13

Tex. R. Evid. 104 …………………………………………………….. . . . . 7

Tex. R. Evid. 403…………………………………………………….. . . . 6,

## STATEMENT OF THE CASE

Appellant was charged with the offense of Driving While Intoxicated with a Blood Alcohol Concentration of 0.15 or more by information filed September 13, 2013. (Cl. R. 11). The trial of the merits was heard by the jury beginning April 29, 2014. The jury rendered its verdict of Guilty as alleged in the information on April 30, 2014. (R.R. IV 74). . . . The appellant elected to have his sentencing determined by the court, and the appellant was sentenced on May 7, 2014. (R.R. V 6-7). This appeal follows.

## ISSUES PRESENTED

I.     **THE TRIAL COURT ERRED BY ADMITTING PORTIONS OF A VIDEO TAPE OF STATEMENTS MADE BY THE DEFENDANT THAT WERE MORE PREJUDICIAL THAN PROBATIVE**

II.     **THE EVIDENCE WAS NOT LEGALLY SUFFICIENT TO SHOW THAT PROBABLE CAUSE EXISTED THAT APPELLANT OPERATED A MOTOR VEHICLE IN A PUBLIC PLACE WHILE INTOXICATED**

## STATEMENT OF FACTS

Appellant was arrested for the offense of Driving While Intoxicated on January 1, 2013. (Cl. R. 5-7). Appellant was taken into custody at that time. (Cl. R. 5-7). Appellant was charged by information for the arrested offense on September 13, 2013. (Cl. R. 11). On April 28, 2014, Appellant's case was called to trial before a jury. The jury rendered a verdict of Guilty as charged in the information. (R.R. IV 74). The Appellant determined he would allow the court to render the sentence in this case. (R.R. III 7). The appellant was sentenced to a term of 1 year probated for a term of 2 years, along with other conditions, on May 7, 2014. (Cl. R. 44-47, 57-60). This appeal follows.

## SUMMARY OF THE ARGUMENT

On the evening of December 31, 2012, and the early morning hours of January 1, 2013, the Appellant drove a vehicle belonging to the mother of his children from one party to another. (R.R. IV 14). After not returning in what was deemed the appropriate amount of time, the owner of the vehicle and her niece drove to the location the Appellant had gone to. (R.R. IV 15). When they arrived, they found the Appellant and the vehicle in a ditch on private property adjacent to the road, and the Appellant was attempting to drive the vehicle out of the ditch. (R.R. IV 16). The police were called by the vehicle's owner. (R.R. IV 18). Soon after the arrival of the officer, the officer on scene subdued the Appellant with a taser and placed him into custody. (R.R. III 56-64). While in custody, the Appellant made a number of inflammatory statements that were captured by the video recorder in the officer's vehicle. (R.R. III 73-78). A search warrant for blood was obtained, and the Appellant's blood was determined to show a Blood Alcohol Concentration of 0.15 or above. (R.R. III 68-70). The Appellant was subsequently charged with Driving While Intoxicated with Blood Alcohol Concentration of 0.15 or above. (Cl. R. 11).

During the trial of this charge, the trial court allowed the full recording of the Appellant's statements into evidence, over the objection of the Appellant's trial

counsel. (R.R. III 73-78). Appellant's trial counsel argued that the statements were more prejudicial than probative and should be excluded under Rule 403 of the Texas Rules of Evidence. (R.R. III 73-78). After hearing argument from both the State and the Appellant's trial counsel, the trial court determined it would allow the admission of the entirety of the Appellant's statements. (R.R. III 73-78). The trial court erred and abused its discretion in determining that the statements were more probative than prejudicial. The State offered the full statement as evidence of the Appellant's intoxication, but the relative merit of what the statements provided regarding that issue weighed against the inflammatory nature of his statements and the prejudicial effect they would have on the jury clearly should have resulted in the statements not being admitted as evidence to the jury.

After hearing evidence regarding the operation of the vehicle, and testimony regarding the Appellant's alleged intoxication at different points in the evening, the jury ultimately found the Appellant guilty of the offense as charged. However, the evidence presented to the jury was not legally sufficient to sustain a verdict of guilt. While at some point during the evening the Appellant did in fact operate the vehicle in a public place, there was not sufficient evidence that he was intoxicated at that time. At the point in time when the evidence is sufficient to show the Appellant is intoxicated, the evidence is also clear that the vehicle being operated is on private property and not in a public place. Therefore, the evidence that the

Appellant operated a motor vehicle in a public place while intoxicated is not legally sufficient.

## ARGUMENT AND AUTHORITIES

**I. THE TRIAL COURT ERRED BY ADMITTING PORTIONS OF A VIDEO TAPE OF STATEMENTS MADE BY THE DEFENDANT THAT WERE MORE PREJUDICIAL THAN PROBATIVE**

## STANDARD OF REVIEW

Rule 403 of the Texas Rules of Evidence provides that evidence may be excluded if relevant if its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, or needless presentation of cumulative evidence. Tex. R. Evid. 403. Relevant evidence may be excluded under Rule 403 only if its probative value is substantially outweighed by the danger of unfair prejudice. Under Rule 403, it is presumed that the probative value of relevant evidence exceeds any danger of unfair prejudice. *McFarland v. State,* 845 S.W.2d 854, 857 (Tex.Crim.App. 1992), overruled on other grounds. The rule excludes evidence only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value. *Conner v. State*, 67 S.W.3d 192, 202 (Tex.Crim.App. 2001). The general rule for determining the admissibility of any

6

type of evidence is whether the probative value of such evidence is outweighed by the inflammatory nature of the evidence. *Malincote v. State*, 548 S.W.2d 42, 44 (Tex.Crim.App. 1972).

The trial court is accorded broad discretion in deciding preliminary questions concerning the admissibility of evidence. *McVickers v. State*, 874 S.W.2d 662, 664 (Tex.Crim.App. 1993), superseded on other grounds; Tex. R. Evid. 104(a). The trial court's ruling on the admission or exclusion of evidence should not be disturbed without the record showing a clear abuse of discretion. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex.Crim.App. 1985).

## **ARGUMENT**

Generally, the statements of a criminal defendant are not considered hearsay, and are therefore admissible as evidence in the case against him or her. However, the rules of evidence also allow for otherwise admissible evidence to be determined to be more prejudicial than probative. It is up to the court to determine if the probative value of the evidence is outweighed by the prejudicial and inflammatory nature of the evidence. The court must engage in balancing test to determine both how prejudicial the evidence is, and how probative it is, and then to balance the two relative values to determine whether the evidence should be admitted.

In this case, the evidence in question is recorded statements made by the Appellant after arrest while in the back of the police vehicle in question. The Appellant made a number of derogatory and inflammatory statements aimed at and about the arresting officer in this case. (R.R. III 73-78). These statements were made following the use of a taser by the officer on the Appellant. (R.R. III 56-64). These statements for the most part were not made in reaction to any questions by the arresting officer, but freely made by the Appellant. Included within the inflammatory statements were potential admissions made by the Appellant that he was in fact intoxicated.

The State argued in this case that the inflammatory statements were probative for showing the intoxication of the Appellant at the time of his arrest. (R.R. III 73-78). There was no argument that they provided evidence of any of the other elements of the offense, such as operating a vehicle or that the vehicle was in a public place. The statements were therefore probative, according to the State's own argument, as further evidence of the Appellant's intoxication.

Appellant's trial counsel objected to the admission of these statements, arguing that under Rule 403 of the Texas Rules of Evidence that whatever probative value the statements had were far outweighed by the inflammatory and prejudicial nature of the statements. (R.R. III 73-78). The trial counsel argued that the probative value of the statements as further evidence of the Appellant's

8

intoxication was more than outweighed by the nature of the comments and the prejudicial effect they would likely have on the jury. (R.R. III 73-78). Counsel opined that the statements were being offered more for the purpose of influencing the jury's opinion of the Appellant than for any other evidentiary use. (R.R. III 73-78). Ultimately, the trial court ruled that the recorded statement would be admitted into evidence and submitted to the jury in its totality, without redacting any of the statements made by the Appellant. (R.R. III 73-78).

To determine whether the trial court ruled appropriately, we must engage in our own determination of the probative nature of the evidence and the prejudicial nature of the evidence. Clearly, there is no argument that the statements would be potentially very prejudicial in the minds of the jury. The Appellant's use of expletives directed towards the arresting officer could not be found to be anything other than inflammatory. Whatever the actual purpose for introducing the statements, it is clear that a very probable effect would be to effect the opinion of the jury members of the Appellant..

The next question, then, in making a determination is the actual probative nature of the Appellant's statements. The State's stated rationale for why they statements were more probative than prejudicial had to do with showing his intoxication. However, the State had copious amounts of evidence beyond the entirety of the statements to show that the Appellant was intoxicated. The State

9

had evidence regarding the testing of the Appellant's blood. The State had testimony from the arresting officer on the scene, indicating that she believed that the Appellant was intoxicated. The testimony of another witness at the scene provided evidence of intoxication at a time immediately prior to the making of the statements in question. In addition, portions of the video recording not containing the inflammatory and prejudicial statements could also be used as evidence for intoxication. There is no allegation that the nature of the Appellant's speech, such as stumbling over words or having trouble speaking, was evidence of intoxication. It is in fact that inflammatory language used by the Appellant that is alleged to be evidence of intoxication.

In looking at the entirety of the situation, the probative value of the full statement to further show intoxication is very limited. The State had a multiplicity of ways that it could, and in fact did, introduce evidence of the Appellant's intoxication. In light of all of the other evidence regarding that issue, the inflammatory statements made by the Appellant do not rise to the level of being particularly probative, especially in light of the clearly prejudicial and inflammatory nature of what was said. The trial court abused its discretion in admitting the full recording of the Appellant's statements after arrest, and this case should therefore be reversed and remanded to the trial court for further proceedings.

# ARGUMENT AND AUTHORITIES

**II.      THE EVIDENCE WAS NOT LEGALLY SUFFICIENT TO SHOW THAT PROBABLE CAUSE EXISTED THAT APPELLANT OPERATED A MOTOR VEHICLE IN A PUBLIC PLACE WHILE INTOXICATED**

## STANDARD OF REVIEW

In a sufficiency review, the appellate court reviews all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *Salinas v. State*, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). The jury, as the sole judge of the credibility of the witnesses, is free to believe or disbelieve all or part of a witness' testimony.  *Jones v. State*, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998). The jury may reasonably infer facts from the evidence presented, credit the witnesses it chooses to, disbelieve any or all of the evidence or testimony proffered, and weigh the evidence as it sees fit. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Reconciliation of conflicts in the evidence is within the jury's discretion and such conflicts alone will not call for reversal if there is enough credible evidence to support a conviction. *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). An appellate court may not reevaluate the

11

weight and credibility of the evidence produced at trial and in so doing substitute its judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). The appellate court is not to engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993); *Harris v. State*, 164 S.W.3d 775, 784 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd.).

## ARGUMENT

The jury in this case returned a verdict of guilty to the offense of Driving While Intoxicated with a Blood Alcohol Concentration of 0.15 or more. Included in the charge to the jury was a paragraph defining the elements of the offense of Driving While Intoxicated, including definitions of operation, public place, and intoxicated. (Cl.R. 36-37).

Under *Brooks v. State*, the Texas Court of Criminal Appeals restricted all sufficiency arguments to the standards of legal sufficiency put forth in *Jackson v. Virginia*. 323 S.W.3d 893, 894-5 (Tex.Crim.App. 2011); 443 U.S. 307 (1979). The appellate court, utilizing the *Jackson v. Virginia* standard, is to consider all of the evidence in the light most favorable to

12

the verdict and determine if a jury was rationally justified in finding guilt beyond a reasonable doubt. *Brooks*, at 899. The ultimate question, then, is if the jury was rationally justified in finding that all of the elements for the offense of Driving While Intoxicated were met.

The elements for the offense of Driving While Intoxicated are that a person commits an offense if the person is intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a). Public place is further defined in the Penal Code as any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops. Tex. Penal Code Ann. § 1.07(40). Determining whether an area is private or public requires asking whether the public or a substantial group of the public has access to the place in question. *Banda v. State*, 890 S.W.2d 42, 52 (Tex.Crim.App. 1994).

The evidence presented in this case shows that the Appellant certainly operated a motor vehicle in a public place at points during the evening leading up to his arrest. The Appellant was clearly in a public place when he drove to location on New Katy Lane. What is not clearly shown is that the Appellant was intoxicated during the time he was clearly operating a vehicle in a public place. The State presented testimony from one attendee at the party that she believed

13

that the Appellant was intoxicated when he left to go the New Katy location. (R.R. III 28-29). However, testimony was also presented that the owner of the vehicle in question did not believe that the Appellant was intoxicated, and would not have allowed him to drive her vehicle if she believed he was. (R.R. IV 47). The physical evidence regarding the Appellant's intoxication does not provide any indication one way or the other that he was intoxicated at the time he initially drove the vehicle. The evidence presented on the issue of intoxication during the clear operation in a public place does not rise to the level of beyond a reasonable doubt and therefore is not legally sufficient he committed the offense of Driving While Intoxicated.

The next question regarding operation is during the operation of the car while it is in the ditch. There is no disagreement that by the time the officer arrived on scene that the Appellant was intoxicated. The question, then, is whether the location of the car at that point is in fact a public place as defined by Texas law. The car was not in a street, highway, common area of any school, hospital, apartment house, shop, office building or transport facility. The ditch is clearly on an individual's private property. There is no evidence indicating that the location where the vehicle was, at the time that the Appellant was operating it, was not on private property. Texas has long held that a private residence cannot be made a public place unless it is made public by being thrown open to

14

access to the public *Pugh v. State*, 117 S.W. 817, 818 (1909).   A private residence is not a public place, nor is a driveway.  *Fowler v. State*, 65 S.W.3d 116, 119 (Tex.App.-Amarillo 2001); *Commander v. State*, 748 S.W. 2d   270, 271 (Tex.App.-Houston [14th Dist.] 1988, no pet.).

While the Appellant may very well have been intoxicated while he was operating the vehicle in the ditch, the ditch is clearly not a public place.  The ditch was on private property, and was clearly not open to the public, despite its proximity to the roadway.  The evidence is not sufficient to establish that the location of the car at the time the officer arrived on scene is a public place.  Nor is the evidence sufficient to show that the Appellant was intoxicated at the time he clearly was operating the vehicle in a public place.  The evidence presented in this trial was not legally sufficient to show that there was probable cause to arrest the Appellant, and therefore the evidence was not legally sufficient to sustain a verdict of guilty in this case.

## CONCLUSION AND PRAYER

Wherefore, Appellant prays that the Court of Appeals will grant leave to file the foregoing brief on appeal, and that the court will review the record of trial and grant any relief to which Appellant may be entitled.

RESPECTFULLY SUBMITTED,

/s/ David W. Crawford
David W. Crawford
State Bar No. 24031601
Crawford and Cruz PLLC
P.O. Box 686
Austin, Texas  78767
Telephone (512) 795-2000
Telefacsimile (512) 237-7792
Email: dcrawford@crawfordcruz.com
Attorney for Appellant

## CERTIFICATE OF SERVICE

As Attorney of Record for Appellant, I do hereby Certify by my signature above that a true and correct copy of the above and foregoing document was this date provided to the Attorney for the State, **David Escamilla,** Travis County Attorney, P.O. Box 1748, Austin, Texas 78767, and to the Appellant, Teran Pennick, 209 Townes Street, Manor, Texas 78653, Via Certified Mail, Return Receipt Requested.

Date:     September 29, 2015

## Certificate of Compliance

As Attorney of Record for Appellant, I do hereby Certify by my signature that this brief contains 2,965 words, in accordance with Tex. Rules of Appellate Procedure 9.4(i).

Date:     September 29, 2015

/s/ David W. Crawford
David W. Crawford
State Bar No. 24031601
Crawford and Cruz PLLC
P.O. Box 686
Austin, Texas  78767
Telephone (512) 795-2000
Telefacsimile (512) 237-7792
Email: dcrawford@crawfordcruz.com
Attorney for Appellant